IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| Wild Virginia, Inc., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case 3:25-cv-01043 |
| United States Environmental Protection Agency, et al. | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR 180-DAY ABEYANCE**

Defendants have moved the Court to hold this matter in abeyance for 180 days. Defendants further have requested that the Court stay the deadline for Defendants to respond to the Complaint in this matter during the pendency of this motion. If the Court denies this motion, Defendants request 30 days from such denial to respond to the Complaint.[1]

Defendants seek a 180-day abeyance because Plaintiff's claims may become moot during that time. Given the potential for Plaintiff's claims to become moot, it is appropriate for the Court to refrain from deciding the issues presented and conserve judicial resources.

I. **LEGAL STANDARD**

"A district court has the 'inherent power' to stay a pending action to ensure both the 'efficient management of [its] docket[],' as well as 'economy of time and effort for itself, for counsel, and

---

[1] Defendants respectfully apologize to the Court for filing this Motion close in time to the date on which Defendants must respond to the Complaint. The filing of this Motion was delayed by the need to obtain a number of approvals prior to filing.

for litigants.'" *Hawley v. Johnson & Johnson,* No. 3:11cv195, 2011 WL 7946243, at *1 (E.D. Va. Apr. 29, 2011) (quoting *Williford v. Armstrong World Indus.*, 715 F.2d 124, 127 (4th Cir. 1983), and *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)). When considering a motion to stay, a court considers three factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; [and] (3) potential prejudice to the non-moving party." *Sehler v. Prospect Mortg. LLC*, No. 1:13cv473, 2013 WL 5184216, at *2 (E.D. Va. Sept. 16, 2013); *see also Hawley*, 2011 WL 7946243, at *1 ("When determining whether a stay is appropriate, a district court must 'weigh competing interests and maintain an even balance.'" (quoting *Landis*, 299 U.S. at 255)).

## II. BACKGROUND

Under Section 303(d) of the Clean Water Act and its implementing regulations, States must periodically submit a list of impaired waters that require total maximum daily loads (TMDLs) to EPA. 33 U.S.C. § 1313(d)(1)(A); 40 C.F.R. § 130.7(d)(1). The regulations require that this list, often referred to as the "303(d) list," must be submitted biennially in every even-numbered year. 40 C.F.R. § 130.7(d)(1). Following submission by a State, EPA either approves the Section 303(d) list or disapproves it and identifies impaired waters for the State. 33 U.S.C. § 1313(d)(2); 40 C.F.R. § 130.7(d)(2). Once a list is approved by EPA, it supersedes the previous list. *Blue Water Baltimore v. Pruit,* 266 F. Supp. 3d 174, 180-81 (D.D.C. 2017).

On March 28, 2025, the Virginia Department of Environmental Quality (VDEQ) submitted Virginia's final 2024 Section 303(d) List to EPA pursuant to 33 U.S.C. § 1313(d)(2) and 40 C.F.R. § 130.7(d)(2). On July 28, 2025, EPA issued a letter approving Virginia's 2024 303(d) list, but stating that "EPA is taking no action, at this time, on water quality related information suggesting the presence of perfluorooctane sulfonic acid (PFOS) in fish tissue in

2

certain segments in the Middle Chickahominy River watershed. Until such time as EPA takes action, those waterbody-pollutant combinations will remain in the same Integrated Report category consistent with Virginia's 2024 303(d) list as submitted." EPA identified the referenced segments in the Middle Chickahominy River watershed in Attachment B to its letter.

The Complaint in this matter asserts that EPA failed to perform a mandatory duty to disapprove Virginia's 2024 Section 303(d) list because that list did not identify as impaired certain waters described in the Complaint. Compl. ¶ 70. EPA currently anticipates that, barring unforeseen circumstances, VADEQ will publish for public notice and comment its 2026 Section 303(d) list in spring or early summer 2026. Declaration of Sandra Mueller (Exh. 1). Once Virginia submits its 2026 Section 303(d) list and EPA acts upon it, the 2026 list would supersede Virginia's 2024 list that is the subject of the Complaint. At that point, the allegations in the Complaint would be moot. *See Blue Water Baltimore,* 266 F. Supp. 3d at 180-182. Moreover, in the event that Virginia in its 2026 Section 303(d) list identifies as impaired the waters referenced in the Complaint and in the event EPA ultimately approves the 2026 list, Plaintiff's substantive concerns regarding those waters would be resolved without intervention of the Court.

### III. ARGUMENT

The current matter presents circumstances that warrant judicial restraint because the matters raised in the Complaint may become moot during the abeyance period. As stated above, Defendants anticipate that, barring unforeseen circumstances, VADEQ will soon publish its draft 2026 303(d) list for public notice and comment. Once Virginia's 2026 303(d) list is finalized, submitted to EPA and acted upon by EPA, the 2026 303(d) list would supersede the 2024 303(d) list that is the subject of the Complaint.

In addition, it is possible that changed circumstances could result in a 2026 303(d) list that could differ from the 2024 303(d) list in a way that would be relevant to Plaintiff's concerns as articulated in the Complaint. At the time that VADEQ submitted to EPA Virginia's 2024 Section 303(d) list, no fish consumption advisory had been issued for the waters identified by EPA in Appendix B to its letter. The Virginia Department of Health (VDH) subsequently has issued fish consumption advisories for the waters identified in Attachment B to EPA's letter.[2]

VADEQ has published its *2026 Water Quality Assessment Guidance,* a document that VADEQ anticipates using to guide decisions related to its 2026 303(d) list. That document states: "The fish consumption use is determined to be impaired when the public is advised by VDH that fish consumption is prohibited for the general population or that a certain fish species should not be consumed by the general population or sub-populations at greater risk, such as children and/or pregnant women."[3] *See also* Compl. ¶ 51 ("VDEQ in the Integrated Report stated that '[s]hould the VDH PFOS Guideline become effective, any resulting fish consumption advisories will be used to assess waters in subsequent Integrated Reports.'").

Plaintiff and its members will not experience undue hardship or prejudice if this Motion is granted. First, the abeyance sought is for six months – a relatively short period of time. Second, an abeyance will not aggravate the injury identified by Plaintiff in the Complaint to support its assertion of standing. In Paragraph 12 of the Complaint, Plaintiff asserts: "Members would benefit from the listing itself, as it would help them avoid or limit their uses of PFAS impaired waters, and they would also benefit from any resulting measures to improve water

---

[2] https://www.vdh.virginia.gov/news/2024-regional-news-releases/virginia-health-officials-issues-fish-consumption-advisory-for-chickahominy-waterhead/ (last visited Feb. 23, 2026).

[3] https://www.deq.virginia.gov/water/water-quality/assessments/wqa-guidance (last visited Feb. 23, 2026).

quality in order to achieve water quality standards." Accepting without conceding Plaintiff's assertion solely for the purpose of this Motion, the Complaint makes clear that Plaintiff is well-aware of the potential presence of PFAS in the waters in dispute and could convey that information to its members. *See* Compl. ¶¶ 36-41 (describing information included by Plaintiff in its public comment on Virginia's draft 2024 303(d) list). Moreover, the fish consumption advisories issued by VDH already provide incentive and information to Plaintiff and its members regarding use of the waters identified by EPA in Attachment B to EPA's letter. Plaintiff's assertion that its members would benefit from "any resulting measures to improve water quality" (Compl. ¶ 12) does not specify the water quality improvement measures Plaintiff anticipates or the timing of such measures, and the Complaint identifies measures undertaken by Virginia to address PFAS regardless of whether the waters are identified on the 303(d) list. Compl. ¶¶ 48-49.

The Court's authority to hold this matter in abeyance for a short period of time is well-settled. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Granting an abeyance here would be in keeping with the well-established notions of judicial restraint that "federal courts should not reach out to resolve complex and controversial questions unnecessarily." *Gen. Acquisition, Inc. v. GenCorp, Inc.,* 23 F.3d 1022, 1030-31 (6th Cir. 1994). If the Court "does not decide it now, [it] may never need to. Not only does this rationale protect the expenditure of judicial resources, but it comports with [courts'] theoretical role as the governmental branch of last resort. Article III courts should not make decisions unless they have to." *Nat'l Treasury Emp. Union v. United States,* 101 F. 3d 1423, 1431 (D.C. Cir. 1996).

## IV. CONCLUSION

For the foregoing reasons and for good cause shown, Defendants respectfully request that the Court place this matter in abeyance for 180 days while Virginia continues its process to issue its 2026 Section 303(d) list. Defendants further request that the Court stay the deadline for Defendants to respond to the Complaint in this matter during the pendency of this motion. If the Court denies this motion, Defendants request 30 days from such denial to respond to the Complaint.

Dated: March 11, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
ACTING ASSISTANT ATTORNEY GENERAL

By: /s/
Laura J. Glickman
D.C. Bar # 995597
Senior Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 598-3056
laura.glickman@usdoj.gov


TODD W. BLANCHE
DEPUTY ATTORNEY GENERAL

By: /s/
Jonathan H. Hambrick
VSB No. 37590
Attorney for the Defendant
Office of the United States Attorney
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Telephone: (804) 819-5400
Facsimile: (804) 771-2316
Email: jay.h.hambrick@usdoj.gov

**CERTIFICATE OF SERVICE**

       I hereby certify that on March 11, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

                                      /s/
                                      Jonathan H. Hambrick
                                      VSB No. 37590
                                      Attorney for the Defendants
                                      Office of the United States Attorney
                                      919 East Main Street, Suite 1900
                                      Richmond, Virginia 23219
                                      Telephone: (804) 819-5400
                                      Facsimile: (804) 771-2316
                                      Email: jay.h.hambrick@usdoj.gov