IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT RICHMOND

WILD VIRGINIA, INC.,

        Plaintiff,

        v.                                        CIVIL ACTION NO. 3:25-cv-1043

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; LEE ZELDIN,
in his official capacity as Administrator of
U.S. Environmental Protection Agency;
AMY VAN BLARCOM-LACKEY, in her
official capacity as Regional Administrator
for U.S. Environmental Protection Agency
Region III,

        Defendants.

**PLAINTIFF'S RESPONSE OPPOSING**
**DEFENDANTS' MOTION FOR 180-DAY ABEYANCE**

        Defendants move the Court to stay this case for 180 days in hopes that the case becomes moot at some unspecified point in the future. Defendants have provided no authority for their novel proposition that a stay is justified when a long delay might render a case moot. Yet, surely, if this were a proper ground for a stay, many defendants would use this method to manufacture mootness, and this common strategy would be reflected in the case law.

        The Fourth Circuit's general standards for deciding a stay motion counsel against allowing stays for such a purpose. A "party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Industries, Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). "The suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.* (quoting

*Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936)). Defendants cite these cases in support of their Motion, but Defendants have not justified a stay with "clear and convincing circumstances"; and, even if such circumstances existed and were proper grounds for a stay (which they do not and are not), Defendants have made no showing—let alone a "clear case"—of hardship or inequity to EPA absent a stay. Defendants do not even *assert* that proceeding expeditiously with this case results in *any* prejudice to EPA. *See id.* Moreover, Defendants are required to show a "clear case" of harm to themselves to support a stay, while even "potential harm" to Plaintiff weighs against a stay. *Williford*, 715 F.2d at 127. Again, Defendants have not asserted any harm to themselves without a stay, and they could not assert any harm that could outweigh the potential harm of a stay to Plaintiff's case, to wit, needless delay and possible dismissal of Plaintiff's claims due to mootness.[1]

Beyond their meritless motion for a stay, Defendants further request that, if the Court denies their motion, they receive an extension—for their responsive pleading deadline—of thirty days from the date of the Court's order on this Motion. Defendants have failed to timely and properly move, with a showing of good cause, for an extension of their responsive pleading as required by Federal Rule of Civil Procedure 6(b)(1)(A); nor have they requested expedited review of their stay motion, despite their risk of being in default under Rules 12(a)(2) and 55. Furthermore, Defendants did not seek agreement from Plaintiff's counsel to an extension of their responsive pleading or inform Plaintiff's counsel of their intention to request an extension before filing their Motion. Defendants have instead premised an extension on the denial of their stay motion. Defendants have shown, through their stay motion, that they would prefer to delay the case in

---

[1] To be clear, Plaintiff disagrees with Defendants that this case would be mooted if the EPA approves Virginia's next 303(d) list while this case remains pending, as addressed in Section I(b).

order to moot Plaintiff's claims. The Court should not facilitate that delay by granting an extension Defendants have yet to seek properly.

For these reasons, the Court should deny Defendants' request for a stay and their request for an extension of their response deadline.

I. **Circumstances Do Not Justify a Stay.**

    a. *DEQ Staff's "Anticipat[ion]" that DEQ May Issue A Draft 303(d) List by Summer of 2026 Does Not Indicate the EPA Will Act on the Next 303(d) List by Fall of 2026.*

Defendants argue that a stay is warranted because the Virginia Department of Environmental Quality ("DEQ") *might* issue a *draft* 303(d) list by summer of 2026. The Declaration of Sandra Mueller of DEQ states: "[M]y *understanding* is that . . . VADEQ staff *anticipate* that, *barring unforeseen circumstances*, VADEQ will publish and accept public comments on Virginia's draft 2026 303(d) list in the spring or early summer of 2026." ECF No. 12-1, ¶ 5 (emphasis added). Ms. Mueller's thrice-hedged statement evinces quite clearly her awareness that DEQ may not manage to publish its draft 303(d) list by early summer of 2026. And, of course, EPA has no control over when DEQ publishes its next draft 303(d) list. Regardless, Defendants do not even argue that the publication of Virginia's draft list would moot this case.

Defendants argue instead (at 3) that the case will eventually be mooted when EPA acts upon Virginia's final 303(d) list. Even if Defendants were correct (and they are not), EPA's action on Virginia's next 303(d) list is unlikely to occur within Defendants' proposed lengthy abeyance period. Consider DEQ and EPA's timeline for the 2024 303(d) list challenged in this case. DEQ published its draft 2024 303(d) list on April 22, 2024, but did not submit its final 303(d) list to EPA until March 28, 2025. *See* Compl. ¶ 36–45. EPA approved Virginia's 303(d) list on July 28, 2025 (although it stated that it was not taking action on some stream segments in the Middle

Chickahominy River watershed and has still not acted with respect to those segments). *See* Compl. ¶ 55. EPA acted (though incompletely) on Virginia's 303(d) list 463 days after Virginia published its draft list to the public and begins the public comment process. If this iteration of the process follows the same timeline, and DEQ follows through with publishing its draft list by early summer of 2026—say June 1, 2026—then EPA will act on Virginia's list around September 7, 2027. That would be a year after the end of the Defendants' proposed stay period. Thus, it appears unlikely that EPA will act on Virginia's 303(d) list before the end of the proposed stay period.

        *b.  EPA's Action on Virginia's 303(d) List Is Unlikely to Moot This Case.*

Even if EPA managed to act on Virginia's 303(d) list by fall of 2026, that action would be unlikely to moot this case. Defendants' Motion does not lay out its legal argument for such potential future mootness, perhaps recognizing that it is premature to argue about mootness now based on circumstances that may or may not arise in the future. Any future argument that Plaintiff's claims have become moot will depend on the specific contents of the final 303(d) list submitted by Virginia and approved by EPA or the contents of a 303(d) list developed for Virginia by EPA; the date by which EPA will approve that future list or develop its own; whether DEQ will evaluate all data related to PFAS impairment in state waters in developing its 303(d) list; whether EPA will again purport to withhold action with respect to any state waters that the 303(d) list does not include; and other specific factual circumstances that are unknown at this time. Defendants cannot accurately predict the contents of a 303(d) list that has not even been published in draft form and has therefore not yet been revised in response to comments from the public. If EPA has already determined how it will respond to Virginia's next 303(d) list submission before that list even exists and before it has reviewed the evidence supporting that list, its action will be arbitrary and capricious. *See Motor Vehicle Manufacturers Ass'n of the United States, Inc. v. State Farm Mut.*

*Auto. Ins. Co.*, 463 U.S. 29, 52 (1983) (explaining that an "agency must explain the evidence which is available, and must offer a rational connection between the facts found and the choice made").

In any event, Defendants do cite one case in an attempt to support their assertion that EPA action on the next 303(d) list will moot Plaintiff's claims: *Blue Water Baltimore v. Pruit*, 266 F. Supp 3d 174 (D.D.C. 2017). However, that case held that the plaintiffs' claims challenging Maryland's 2012 303(d) list were moot due to its replacement by the final 2014 303(d) list *before the complaint was filed*, not during the pendency of the lawsuit. *Id.* at 181–82. The court also held that one of the exceptions to the mootness doctrine—the exception for claims that are capable of repetition yet evading review—would not apply because more than two years passed between EPA's approval of the 2012 and 2014 lists. *Id.* at 183. Therefore, at least under the court's reasoning in *Blue Water Baltimore*, it appears that Plaintiff's claims in this case are likely to qualify for the capable-of-repetition-yet-evading-review exception to mootness if EPA acts on Virginia's next 303(d) list within the two years of its approval of the 2024 303(d) list (before July 28, 2027). Because this case is exceedingly unlikely to become moot by the end of the proposed stay period, the proposed 180-day stay is also unlikely to save judicial resources or promote judicial economy.

The idea that a 180-day delay would promote judicial economy seems especially incongruous here in the Eastern District of Virginia, famously known as the "rocket docket" due to how quickly civil actions are resolved. *See Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 996 (E.D. Va. 2011). In keeping with the fast-paced norm of this district, Plaintiff intends to move forward quickly with filing a Partial Motion for Summary Judgment on the Complaint's first claim for relief, EPA's failure to perform its mandatory duty of taking action on Virginia's 2024 303(d) list with respect to all Virginia waters potentially impaired by PFAS. *See* Compl. ¶ 61–72. Far from depending upon the resolution of "complex and controversial questions" that

5

Defendants argue (at 5) would counsel judicial restraint, Plaintiff's forthcoming Partial Motion for Summary Judgment will be based on our right to judgment as a matter of law, with no material facts in dispute. This Court has a "virtually unflagging obligation" to exercise the jurisdiction it has over this case, rather than to delay the case until jurisdiction may be lost. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). There is no reason to wait until this fall to consider Plaintiff's first claim, and to otherwise move forward with resolving this case.

## II.     Defendants' Cited Cases Support Denial of the Stay Motion.

Even if Defendants were correct that this case may become moot in the future, none of the cases cited by Defendants suggest that impending mootness can justify a stay. And none of them involve a situation where a court has stayed a case because a future, but uncertain event, could potentially render the case moot. Two of the cases discuss stays in the context not of changed factual circumstances but rather in the context of multi-district litigation. In *Hawley v. Johnson & Johnson*, No. 3:11cv195, 2011 WL 7946243 (E.D. Va. Apr. 29, 2011), the court granted a *consent* motion for a stay pending a determination of the Judicial Panel on Multidistrict Litigation of whether the case would be swept into multi-district litigation. *1. In that case, in contrast to this case, the parties agreed on the stay and the court found that a temporary stay would "avoid the possibility of conflicting judicial determinations." *Id.* Defendants also cite *Sehler v. Prospect Mortgage, LLC*, No. 1:13cv473, 2013 WL 5184216 (E.D. Va. Sept. 16, 2013), in which a stay motion was denied. In *Sehler*, the defendant moved for a stay during the pendency of a motion for transfer to multi-district litigation. The court found that, while the defendant could be "inconvenienced" in the absence of a stay, the plaintiffs "face[d] a significant likelihood of prejudice by a stay" because "the case could be fully litigated" before the transfer decision was issued. *Id.* at *3. Here, Defendants have not even claimed they would be "inconvenienced" by

proceeding with this case, while the prejudice to Plaintiff (an unjustified delay and potential dismissal of the case due to mootness) is much greater than in *Sehler*.

In *Williford v. Armstrong World Industries, Inc.*, the court *denied* a stay motion requested on the grounds that the case was already automatically stayed as to movants' co-defendants, who were in bankruptcy proceedings. 715 F.2d at 128. In doing so, the Fourth Circuit noted that courts' inherent power to grant stays is not "without limitation." *Id.* at 127. The court held that "[t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Id.* The court went on to quote the Supreme Court's decision in *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936), stating: "The suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Williford*, 715 F.2d at 127.

Applying the standard in *Williford*, it is clear that Defendants have not put forward any circumstances justifying a stay or resulting in any savings whatsoever of judicial resources, Defendants have suggested no hardship that will come to the Government if this case is allowed to proceed without delay, and certainly no hardship that could outweigh the potential existential harm to Plaintiff's claims. Even absent the increased risk of mootness that any delay may cause, Plaintiff is harmed by any undue delay. Delaying relief in this case delays remedial measures to bring impaired waters into compliance with state water quality standards because inclusion on the 303(d) list would trigger such measures. *See* Compl. ¶ 5. Delaying relief also prolongs the lack of actionable information about the impairment of Virginia's waters with PFAS upon which Wild Virginia, its members, and the public can rely. *See id.* If the Court were to grant the requested stay,

7

it would set a dangerous precedent and encourage the government to continue to seek stays as a delay tactic to evade judicial review of regulatory action.

## **CONCLUSION**

As Defendants' Motion is entirely lacking in merit, Plaintiff requests the Court deny the Motion without delay, and likewise deny Defendants' additional request for an extension on the deadline for Defendants to file a responsive pleading.

Dated: March 15, 2026    Respectfully submitted,

*[signature]*

Claire Marie Horan (VSB No. 95386)
APPALACHIAN MOUNTAIN ADVOCATES
P.O. Box 403
Charlottesville, Virginia 22902
choran@appalmad.org
(907) 687-8561

Isak Jordan Howell
APPALACHIAN MOUNTAIN ADVOCATES
P.O. Box 2186
Roanoke, Virginia 24009-2186
isak@howell-lawoffice.com
(540) 998-7744

*Counsel for Wild Virginia*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT RICHMOND

**WILD VIRGINIA, INC.,**

        **Plaintiff,**

        v.                                    CIVIL ACTION NO. 3:25-cv-1043

**UNITED STATED ENVIRONMENTAL PROTECTION AGENCY; LEE ZELDIN,** in his official capacity as Administrator of U.S. Environmental Protection Agency; **AMY VAN BLARCOM-LACKEY,** in her official capacity as Regional Administrator for U.S. Environmental Protection Agency Region III,

        **Defendants.**

## CERTIFICATE OF SERVICE

    I, Claire Marie Horan, do hereby certify that on March 15, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system.

                                                      /s/ Claire Horan
                                                    Claire Marie Horan (VSB No. 95386)
                                                    APPALACHIAN MOUNTAIN ADVOCATES
                                                    P.O. Box 403
                                                    Charlottesville, Virginia 22902
                                                    choran@appalmad.org
                                                    (907) 687-8561

                                                    *Counsel for Wild Virginia*