**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| Wild Virginia, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case 3:25-cv-01043 |
| | ) | |
| United States Environmental Protection | ) | |
| Agency, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants (collectively, "EPA") respectfully move to dismiss the Complaint.

Under the Clean Water Act ("CWA"), each state must submit to EPA for review a list of waterbodies in the state that are not meeting water quality standards—commonly known as the state's "303(d) list." *See* 33 U.S.C. § 1313(d). Count I of the Complaint asserts that EPA failed to perform a "non-discretionary" or "mandatory" duty to "disapprove" Virginia's 2024 list because that list did not include certain waterbody-pollutant combinations, specifically, certain waters Plaintiff alleges are impaired by per- and polyfluoroalkyl substances (PFAS). Compl. ¶ 70. Even accepting the allegations in the Complaint as true for purposes of this motion, however, the CWA as a matter of law does not impose a non-discretionary duty on EPA to reach a particular outcome. Count II fares no better. There, Plaintiff changes tune, asserts (without factual support) that EPA approved the omission of those waterbody-pollutant combinations from Virginia's 2024 list, and then purports to challenge that alleged approval

under the Administrative Procedure Act ("APA"). Compl. ¶¶ 80-81.[1] While EPA expressly approved Virginia's *inclusion* of all waters on the 2024 303(d) list, the Complaint pleads no facts that would support the assertion that EPA took a final action on the *omission* of those waterbody-pollutant combinations from Virginia's 303(d) list. To the contrary, the allegations pleaded in the Complaint, taken as true, portray the opposite. Absent a final agency action on Virginia's omission of those waterbody-pollutant combinations, Plaintiff's APA claim must fail.

## I.   BACKGROUND

### A.   The Clean Water Act

Congress enacted the Clean Water Act "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). To that end, the Act prohibits the discharge of any pollutant into waters of the United States unless that discharge complies with the Act's requirements. *See id.* §§ 1311(a), 1362(12). Those requirements include water quality standards, which "define[] the water quality goals of a water body, or portion thereof, by designating the use or uses to be made of the water and by setting criteria necessary to protect the uses." 40 C.F.R. § 130.3. Under the cooperative federalism scheme of the Act, states have primary responsibility for establishing water quality standards, subject to approval by EPA. *See* 33 U.S.C. § 1313(c).

Once states have established water quality standards and EPA has approved them, CWA Section 303(d) directs States to identify waters that will not meet those standards and

---

[1] The term "PFAS" refers to per- and polyfluoroalkyl substances, which are widely-used manufactured chemicals components of which break down slowly over time. Compl. ¶¶ 2-3; *see also* https://www.epa.gov/pfas/pfas-explained. Perfluorooctane sulfonic acid ("PFOS") (*see infra*) is a form of PFAS.

the pollutants causing or expected to cause the violation of water quality standards ("waterbody-pollutant combinations"). *Id.* § 1313(d)(1)(A); 40 C.F.R. § 130.7(b)(4). States must then establish, for each waterbody-pollutant combination on that list (the "303(d) list" noted above), the "total maximum daily load" ("TMDL"). 33 U.S.C. § 1313(d)(1)(C). TMDLs "set the maximum amount of a pollutant which can be contributed into [a water body] without causing a violation of the water quality standards." *Env't Def. Fund, Inc. v. Costle,* 657 F.2d 275, 294 (D.C. Cir. 1981). States must submit their 303(d) list, and any TMDLs they establish for waterbody-pollutant combinations on the list, to EPA for approval. 33 U.S.C. § 1313(d)(2).

The CWA's citizen suit provision, 33 U.S.C. § 1365(a), is a limited waiver of sovereign immunity that authorizes certain suits against EPA in federal district court. Here, Plaintiff relies upon section 1365(a)(2), which allows any citizen to commence a civil action alleging that EPA has failed to perform a duty that is made nondiscretionary by the CWA. 33 U.S.C. § 1365(a)(2). The citizen suit provision grants jurisdiction to the district courts "to order [EPA] to perform such [nondiscretionary] act or duty[.]" *Id.*

### B.    Factual Background

On March 28, 2025, the Virginia Department of Environmental Quality ("VDEQ") submitted Virginia's final 2024 Section 303(d) list to EPA. Compl. ¶ 45. On July 28, 2025, EPA issued a letter approving Virginia's inclusion of all waterbody-pollutant combinations on the list, but stating that "EPA is taking no action, at this time, on water quality related information suggesting the presence of perfluorooctane sulfonic acid (PFOS) in fish tissue in certain segments in the Middle Chickahominy River watershed. Until such time as EPA takes action, those waterbody-pollutant combinations will remain in the same Integrated Report category

3

consistent with Virginia's 2024 303(d) list as submitted." Compl. ¶ 55. EPA specified the

waterbodies on which it was "taking no action, at this time" in Attachment B to its letter. *Id.* ¶ 59.

## II.    STANDARD OF REVIEW

### A.    Lack of Subject Matter Jurisdiction

Under Rule 12(b)(1), the court should dismiss a claim when the complaint fails to

allege facts establishing the court's jurisdiction over the subject matter. *See Adams v. Bain,*

697 F.2d 1213, 1219 (4th Cir. 1982); *King v. Riverside Reg'l Med. Ctr.,* 211 F. Supp. 2d 779,

780-81 (E.D. Va. 2002)*.* For the purposes of deciding a Rule 12(b)(1) motion, the court

presumes that all facts alleged in the complaint are true. *Adams*, 697 F.2d at 1219; *Virginia v.*

*United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995). The court will grant the motion if

material jurisdictional facts are not in dispute and the moving party is entitled to judgment as

a matter of law. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d

765, 768 (4th Cir. 1991).

The plaintiff bears the burden of demonstrating the court's subject matter jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In suits against the

United States or its agencies, the plaintiff must identify an applicable waiver of the United

States' sovereign immunity, because the "terms of [the United States'] consent to be sued in

any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312

U.S. 584, 586 (1941); *see United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic

that the United States may not be sued without its consent and that the existence of consent is

a prerequisite for jurisdiction."). Where immunity has not been waived, the court must dismiss

the claim for lack of subject matter jurisdiction. *See, e.g.*, *Richmond, Fredericksburg &*

*Potomac R.R. Co.*, 945 F.2d at 768-69.

4

### B.      Failure to State a Claim

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint and will prevail when the complaint fails as a matter of law to state a claim upon which the court can grant relief. Fed. R. Civ. P. 12(b)(6); *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). In deciding a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citation omitted). The court, however, should disregard legal conclusions "couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Call v. Geico Advantage Ins. Co.*, No. 3:22-CV-652-HEH, 2023 WL 5109549, at *2 (E.D. Va. Aug. 9, 2023) (quoting *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019)). The court may consider documents incorporated by reference into the complaint, attached as exhibits, or documents "integral to the complaint" where there is no dispute regarding those documents' authenticity. *Call v. Geico Advantage Ins. Co.*, 2023 WL 5109549, at *3 (quoting *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016)). Where the "bare allegations" of the complaint conflict with those documents, the documents prevail. *See id.* (quoting *Goines*, 822 F.3d at 166).

### III.      <u>ARGUMENT</u>

### A.      The Court Should Dismiss Count I Because the CWA does not Impose a Non-Discretionary Duty on EPA to Disapprove a State's 303(d) List

In Count I of the Complaint, Plaintiff asserts a claim under the CWA citizen suit provision, which authorizes any citizen to commence a civil action "against the Administrator [of EPA] where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 33 U.S.C. § 1365(a)(2). Because the citizen suit provision is a limited waiver of sovereign immunity, it must be "construed strictly" in favor of EPA. *Conservation Law Found., Inc. v. Pruitt*, 881 F.3d 24, 28

5

(1st Cir. 2018) (quoting *U.S. Dep't of Energy v. Ohio*, 503 U.S. 607, 615 (1992)). Indeed, the Fourth Circuit has interpreted such citizen suit provisions "'narrowly' by confining [their] scope to the enforcement of legally required acts or duties of a specific and discrete nature that precludes broad agency discretion." *Murray Energy Corp. v. Adm'r of Env't Prot. Agency*, 861 F.3d 529, 535 (4th Cir. 2017), *as amended* (July 18, 2017) (interpreting the Clean Air Act's analogous citizen suit provision). Thus, when a private litigant brings a citizen suit against EPA, a clearly mandated, nondiscretionary duty imposed on the Agency is a "prerequisite for federal jurisdiction." *Sanitary Bd. of Charleston v. Wheeler,* 918 F.3d 324, 331 (4th Cir. 2019) (quoting *Miccosukee Tribe of Indians of Fla. v. EPA*, 105 F.3d 599, 602 (11th Cir. 1997)).

Plaintiff falls well short of meeting that exacting standard here. In Count 1, Plaintiff asserts that EPA "had and has a *mandatory duty to disapprove* Virginia's" 303(d) list, (Compl. ¶ 70 (emphasis added)) and asks the Court to "Declar[e][] that EPA has failed to perform its nondiscretionary duties under the CWA section 303(d) and implementing regulations to *disapprove* Virginia's [2024 303(d) list] … and "Order[] EPA to perform its mandatory duties to *disapprove* Virginia's 303(d) List…." (Compl. Relief Requested ¶¶ (1) and (4) (emphasis added)). But nothing in the CWA imposes a non-discretionary duty on EPA to reach a particular result (*i.e.,* disapprove) with respect to a state's 303(d) list. "Put simply, citizens can compel the agency to take some action, but cannot dictate the substance of the resulting decision if it involves the agency's judgment." *Sanitary Bd. of Charleston,* 918 F.3d at 331. The citizen suit provision "does [not] allow a court to exercise judgment that is properly vested in the executive branch." *Id.* Thus, the Court should dismiss Count I.

It is well-established that an EPA decision to approve or disapprove a state's 303(d)

6

list submission is discretionary. For that reason, CWA Section 303(d), 33 U.S.C. § 1313(d), does not impose a non-discretionary duty on EPA to reach a particular result, i.e., to approve or disapprove a state's 303(d) list. Faced with precisely the same issue, this Court previously has held:

> The decision whether to approve or disapprove a[state's] § 303(d) submission appears to be a discretionary one, and so not reviewable under the citizen suit provision of the Clean Water Act, which only permits challenge of "any act or duty under this chapter which is not discretionary" with EPA. 33 U.S.C. § 1365(a)(2). The statutory language does not place explicit restrictions upon the [EPA's] authority to approve or disapprove states' submissions, but simply requires that a decision be made. 33 U.S.C. § 1313(d)(2). Thus, the substance of the decision ultimately appears to be discretionary with EPA rather than mandated by the terms of the statute.

*Am. Canoe Ass'n v. EPA,* 30 F. Supp. 2d 908, 918-19 (E.D. Va. 1998); *see Sanitary Bd. of Charleston,* 918 F.3d at 331-33 (decision to approve or disapprove state water quality standards is discretionary); *Scott v. City of Hammond*, 741 F.2d 992, 995 (7th Cir. 1984) (same); *Gunpowder Riverkeeper v. Regan,* Civ. No. 1:20-cv-02063, 2021 WL 3722714, *2-4 (D.D.C. Aug. 23, 2021) (decision to approve or disapprove state TMDL is discretionary); *Am. Littoral Soc'y v. U.S. EPA Region II,* Civ. No. 96-339, 1999 U.S. Dist. LEXIS 23044, *10-11 (D.N.J. June 29, 1999) (decision whether to approve or disapprove constructive submission of no TMDLs is discretionary).

Because the CWA does not impose a non-discretionary duty on EPA to reach a particular result regarding a state's 303(d) list submission, the Complaint does not identify a valid waiver of sovereign immunity. The Court should thus dismiss Count I for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim.

**B.      The Court Should Dismiss Count II Because the Complaint Makes Clear that EPA has not Taken a Final Agency Action with Respect to the Omission of Certain Waterbody-Pollutant Combinations from the 303(d) List**

Plaintiff fares no better in its second claim, which asserts a challenge under the Administrative Procedure Act ("APA") to EPA's alleged "final agency action" in approving the omission from Virginia's 2024 303(d) list of certain waterbody-pollutant combinations, specifically "PFAS-impaired segments of the Middle Chickahominy River." Compl. ¶¶ 80-81. Count II, however, is fatally flawed because the facts pleaded in the Complaint indisputably establish that, while EPA expressly approved the inclusion of all waterbody-pollutant combinations identified on Virginia's 2024 303(d) list, EPA expressly did not take action with respect to the omission from Virginia's 2024 303(d) list of the waterbody-pollutant combinations identified by Plaintiff. *See* Compl. ¶¶ 55, 58.

The APA provides a remedy for judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. The existence of a final agency action is a threshold question to a claim under the APA. *Fund for Animals, Inc. v. U.S. Bureau of Land Mgmt.*, 460 F.3d 13, 18 (D.C. Cir. 2006); *see Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 61-62 (2004) ("[T]he 'agency action' complained of must be 'final agency action.'") (quoting 5 U.S.C. § 704). A final agency action must do two things: it must "signal[] the consummation of an agency's decisionmaking process *and* give[] rise to legal rights or consequences." *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 274 (4th Cir. 1999); *see Bennett v. Spear,* 520 U.S. 154, 177-78 (1997).

Here, Plaintiff has failed to identify a final EPA action on omission from the 2024 303(d) list of the waterbody-pollutant combinations identified in Paragraph 59 of the

8

Complaint. As an initial matter, Plaintiff's bare legal assertion that there has been a final agency action as to the omission of those waterbody-pollutant combinations, *see* Compl. ¶¶ 80-81, is insufficient to ward off dismissal. Although the Court must take as true well-pleaded factual allegations in the Complaint, the Court need not accept bare legal conclusions or allegations that are contradicted elsewhere in the Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the Court should disregard legal conclusions "couched as facts or unwarranted inferences, unreasonable conclusions, or arguments," *Call v. Geico Advantage Ins. Co.*, 2023 WL 5109549, at *2 (quoting *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019)).

Moreover, the Court need not accept an unadorned legal assertion that flies in the face of the very document on which Plaintiff bases its case. *See Call v. Geico Advantage Ins. Co.*, 2023 WL 5109549, at *3 (the court may consider documents included with the complaint; where the "bare allegations" of the complaint conflict with those documents, the documents prevail). Here, the Complaint points to EPA's July 28, 2025 letter to Virginia as a "final" agency action on those waterbody-pollutant combinations, but quotes the letter as follows: "EPA is taking *no action*, at this time, on water quality related information suggesting the presence of perfluorooctane sulfonic acid (PFOS) in fish tissue in certain segments in the Middle Chickahominy River watershed." Compl. ¶ 55 (emphasis added); *see also* Compl. ¶¶ 58-59.  In other words, while EPA approved the inclusion of all waterbody-pollutant combinations that VADEQ included on its 2024 303(d) list, EPA expressly took no action with respect to the fact that the list did not include certain waterbody-pollutant combinations in the Middle Chickahominy River watershed as impaired for PFOS.

Because EPA expressly withheld action, the Agency's letter does not represent "the

consummation of [its] decisionmaking process," *Bennett v. Spear,* 520 U. S. at 177-78, with regard to the waterbody-pollutant combinations in the Middle Chickahominy River watershed that are at issue. Because the Complaint fails to identify a final agency action on the waterbody-pollutant combinations in question, the Court should dismiss Plaintiff's claim under the APA for lack of subject matter jurisdiction or, in the alternative, for failing to state a claim on which relief can be granted.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint in this matter.

Respectfully,

ADAM R.F. GUSTAFSON
PRINCIPAL DEPUTY ASSISTANT ATTORNEY
GENERAL

By:   /s/_____
Laura J. Glickman
D.C. Bar # 995597
Senior Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 598-3056
laura.glickman@usdoj.gov

TODD W. BLANCHE
ACTING ATTORNEY GENERAL

By:   /s/_____
Jonathan H. Hambrick
VSB No. 37590
Office of the United States Attorney
919 East Main Street, Suite 1900
Richmond, Virginia 23219

10

Telephone: (804) 819-5400
Facsimile: (804) 771-2316
Email:  jay.h.hambrick@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

/s/
Laura J. Glickman
D.C. Bar # 995597
Senior Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 598-3056
laura.glickman@usdoj.gov