IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT RICHMOND

WILD VIRGINIA, INC.,

        **Plaintiff,**

        **v.**                             **CIVIL ACTION NO. 3:25-cv-1043**

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; LEE ZELDIN,
in his official capacity as Administrator of
U.S. Environmental Protection Agency;
AMY VAN BLARCOM-LACKEY, in her
official capacity as Regional Administrator
for U.S. Environmental Protection Agency
Region III,

        **Defendants.**

**PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants rely almost entirely on procedural quibbles, only responding to the substance of Plaintiff's Motion for Partial Summary Judgment in a single footnote. The reasons for this odd choice are obvious. There are no material facts in dispute; there is no valid legal argument against Plaintiff's entitlement to summary judgment on EPA's failure to take action on Virginia's entire 303(d) List; and Defendants prefer to delay the case rather than acknowledge as much. Defendants' Response continues the same strategy as their meritless Motion for a 180-Day Abeyance (ECF No. 11), which the Court denied (ECF No. 14). It is clear that Defendants hope to delay resolution of the merits long enough for the Virginia Department of Environmental Quality ("VDEQ") to submit its 2026 Integrated Report—and for EPA to act on the new 303(d) List. In furtherance of delaying the case, Defendants request that the Court deny Plaintiff's Motion for Partial Summary Judgment without ruling on its merits, with the expectation that Plaintiff would amend its Complaint and

1

refile its Motion for Partial Summary Judgment. Doing so would be a pointless paper exercise, as Defendants are fully apprised of Plaintiff's straightforward non-discretionary duty claim and have had a fair opportunity to raise any disputed material facts that would prevent summary resolution of the claim. Instead of allowing Defendants to mire this case in unnecessary delay, Plaintiff asks the Court to address the substance of its Motion.

Plaintiff is entitled to summary judgment on its claim that EPA failed to perform its non-discretionary duty to approve or disapprove Virginia's submission when it carved out a list of waterbody segments for which it purported to take no action. Defendants have not cited any authority for the proposition that EPA can simply filter Virginia's 303(d) list and only take action as to selected sub-parts. There is no such authority, and the Plaintiff's Motion presents a clear and simple claim along with wholly undisputed facts.

**LISTING OF UNDISPUTED FACTS**[1]

1. "On March 28, 2025, VDEQ submitted its final 303(d) List to EPA as part of the final 'Virginia's 2024 305(b)/303(d) Water Quality Assessment Integrated Report' (the

---

[1] Although Plaintiff inadvertently omitted a separate section entitled "Listing of Undisputed Facts" in its memorandum in support of its Motion for Partial Summary Judgment, as required by Local Rule 56(B), it is untrue that, as Defendants claim (at 3), "it is not clear what material facts Plaintiff is asserting are undisputed in this matter" as to Plaintiff's non-discretionary duty claim. Both Plaintiff's Motion and supporting memorandum are crystal clear as to which facts are undisputed. *See* Motion, ECF No. 15, at 1–2 ("Plaintiff is entitled to summary judgment on this claim, as EPA itself claims that it has taken no action despite the clear statutory command that it approve or disapprove Virginia's 303(d) List in its entirety within 30 days of a state's submission, under the Clean Water Act and its regulations. *See* 33 U.S.C. § 1313(d)(2); 40 C.F.R. § 130.7(d)(2)."); Memorandum, ECF. No. 16, at 13–14 ("This Claim is very simple: (1) EPA itself stated in its letter approving Virginia's 303(d) List that it was not taking action with respect to the waterbody segments listed in Enclosure 3, Appendix B attached to its letter, *id.* at 23; and (2) EPA had no authority to carve out any Virginia waters from its approval or disapproval of Virginia's 303(d) List, which it was required to issue within 30 days of Virginia's submission.").

'Integrated Report,' attached without its appendices as Exhibit 1) . . . ." Complaint, ECF No. 1, ¶ 45 (beginning of first sentence of paragraph); Answer, ECF No. 18, ¶ 45 ("Defendants admit the allegations in the first sentence of Paragraph No. 45.").

2. "EPA did not approve or disapprove VDEQ's submission within the 30-day period mandated by CWA Section 303(d)." Complaint, ECF No. 1, ¶ 52; Answer, ECF No. 18, ¶ 52 ("To the extent the first sentence of Paragraph No. 52 alleges that the EPA did not approve or disapprove VDEQ's 2024 303(d) list within thirty days of March 28, 2025, Defendants admit the allegations.").

3. "EPA declined to take action 'on water quality related information suggesting the presence of perfluorooctane sulfonic acid (PFOS) in fish tissue in certain segments in the Middle Chickahominy River watershed.'" Complaint, ECF No. 1, ¶ 71. Four months after VDEQ's submission of its 303(d) List, EPA issued a letter purporting to approve Virginia's 303(d) List while "taking no action" on particular waterbody segments. *Id.*, ¶¶ 55–59; Rationale, ECF No. 1-4, Appendix B (entitled "List of Segments as to which EPA is taking no action at this time"); Answer, ECF No. 18, ¶ 71 ("Defendants admit that the allegations in Paragraph No. 71 quote portions of" [a document sent by the EPA]."); *id.*, ¶ 55 ("Defendants admit that EPA sent a letter signed by Michelle Price-Fay, Director, EPA Region 3 Water Division, to Elizabeth Kercher, Director, VDEQ Planning Division on Jully 28, 2025. The remaining allegations in Paragraph No. 55 purport to quote and characterize that letter, which speaks for itself and is the best evidence of its contents. . . . Defendants admit that Paragraph No. 55 quotes portions of the letter."); *id.*, ¶ 58 ("Defendants admit that Paragraph No. 58 quotes portions of the referenced document."); *id.*, ¶ 59 ("The

allegations in Paragraph No. 59 purport to quote and characterize a document that speaks for itself and is the best evidence of its contents. . . . Defendants admit that the allegations in Paragraph No. 59 quote portions of the referenced document.").

## ARGUMENT

### I.   Defendants' Legal Arguments Cannot Undermine the Plain Language of the Clean Water Act's 30-Day Deadline to Approve or Disapprove a State's List.

Defendants raise only two arguments on the merits of Plaintiff's Motion for Partial Summary Judgment, both in Footnote 8 on Pages 10–11.

First, Defendants argue (at 11 n. 8) that EPA retains flexibility to act in multiple actions, so long as it meets Congress's deadline." The Court need not consider whether this premise is legally accurate, however, because Defendants have admitted in their Answer that EPA *did not* "meet Congress's deadline"—specifically, the thirty-day deadline to act on Virginia's 303(d) List submission. Plaintiff's non-discretionary duty claim does not in any way depend on whether EPA may approve or disapprove of a state's 303(d) List in multiple steps or whether it must do so in a single action. This argument, therefore, misses the point and has no bearing on Plaintiff's Motion.

Second, Defendants fault Plaintiff (at 11 n. 8) for "not point[ing] to any court decision that has held that the EPA has a non-discretionary duty to act upon a State's 303(d) list as a whole (i.e., in its entirety) in a single action." Although Defendants' argument is unclear, Defendants seem to assert that if EPA *partially* approves or disapproves of a 303(d) List, it has discretion to violate the Clean Water Act's 30-day deadline as to remaining portions of the List. Of course, the statute says no such thing:

> *The Administrator shall either approve or disapprove such identification* [of impaired waters] *and load not later than thirty days after the date of submission.* If the Administrator approves such

identification and load, such State shall incorporate them into its current plan under subsection (e) of this section. If the Administrator disapproves such identification and load, he shall not later than thirty days after the date of such disapproval identify such waters in such State and establish such loads for such waters as he determines necessary to implement the water quality standards applicable to such waters and upon such identification and establishment the State shall incorporate them into its current plan under subsection (e) of this section.

33 U.S.C. § 1313(d)(2) (emphasis added). Similarly, the implementing regulations read:

*The Regional Administrator shall either approve or disapprove such listing and loadings not later than 30 days after the date of submission.* The Regional Administrator shall approve a list developed under § 130.7(b) that is submitted after the effective date of this rule only if it meets the requirements of § 130.7(b). If the Regional Administrator approves such listing and loadings, the State shall incorporate them into its current WQM plan. If the Regional Administrator disapproves such listing and loadings, he shall, not later than 30 days after the date of such disapproval, identify such waters in such State and establish such loads for such waters as determined necessary to implement applicable WQS. The Regional Administrator shall promptly issue a public notice seeking comment on such listing and loadings. After considering public comment and making any revisions he deems appropriate, the Regional Administrator shall transmit the listing and loads to the State, which shall incorporate them into its current WQM plan.

40 C.F.R. § 130.7(d)(2) (emphasis added). The statute and regulations are clear and without caveat as to EPA's deadline to act on state 303(d) List submissions. And, as Plaintiff noted in its Memorandum (at 17–18), allowing EPA to approve a List while carving out some waterbody-pollutant combinations would allow the agency to easily avoid its non-discretionary duties. This interpretation is also illogical because EPA's approval of a List is a determination that the state's List contains the complete set of impaired waterbody segments. *See* Memorandum at 16–17.

**II.     Amendment of the Complaint and Refiling of the Motion for Partial
Summary Judgment is Unnecessary.**

Plaintiff's Complaint is not deficient as to its statement of Plaintiff's non-discretionary duty claim. As required by Federal Rule of Civil Procedure 8(a), it contains "a short and plain statement of the grounds for the court's jurisdiction," "of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.").

Defendants' Response cherrypicks statements from the Complaint in isolation and ignores clear statements of legal and factual basis for Plaintiff's non-discretionary duty claim. In fact, the Complaint clearly states the legal and factual basis for Plaintiff's non-discretionary duty claim and the relief sought. Paragraph 1 of the Complaint states that EPA's non-discretionary duty was triggered by Virginia Department of Environmental Quality's submission of its 303(d) List. EPA's non-discretionary duty to approve or disapprove a 303(d) List within thirty days is set forth in Paragraph 29.

The fact that VDEQ submitted its list on March 28, 2025 is listed in Paragraph 45. Again, at Paragraph 52 of the Complaint, Plaintiff alleges, "EPA did not approve or disapprove VDEQ's submission within the 30-day period mandated by CWA 303(d)." Defendants' Answer admits that VDEQ submitted the list on that date, and that "EPA did not approve or disapprove VDEQ's submission within the 30-day period mandated by CWA Section 303(d)." Answer, ECF No. 18, ¶ 52.

The fact that "EPA declined to take action 'on water quality related information suggesting the presence of perfluorooctane sulfonic acid (PFOS) in fish tissue in certain segments in the Middle Chickahominy River watershed'" is alleged in the Complaint and is undisputed.

Complaint, ECF No. 1, ¶ 71 (quoting Rationale, ECF No. 1-4, at 1); *id.*, ¶¶ 55–59; Rationale, ECF No. 1-4, Appendix B (entitled "List of Segments as to which EPA is taking no action at this time"); Answer, ECF No. 18, ¶¶ 55–59, 71 (admitting that the respective allegations quoted portions of a document sent by EPA).

In addition to presenting the facts clearly, the Complaint is also clear and complete with respect to the non-discretionary duty claim and the relief Plaintiff seeks. Within the section entitled "**FIRST CLAIM FOR RELIEF**," Paragraph 64 restates the statutory and regulatory requirement that "EPA must approve or disapprove the 303(d) List within 30 days." And, at Paragraph 70, Plaintiff alleges that "VDEQ's submission of its 303(d) List as part of its 2024 Integrated Report triggered EPA's nondiscretionary duty to approve or disapprove all elements of the 303(d) List."

Finally, the Complaint requests, with respect to the non-discretionary duty claim, that the Court declare that EPA has failed to perform its mandatory duties, vacate EPA's approval of Virginia's 303(d) List, and order EPA to take action on Virginia's 303(d) List. Complaint, ECF No. 1, ¶¶ 1, 3, 4.[2] Thus, the Complaint makes absolutely and repeatedly clear that EPA must act by approving or disapproving entire 303(d) List. It is also clear, and admitted, that EPA did not do that. Answer, ECF No. 18, ¶ 52. That, in a nutshell, is the entire Motion for Partial Summary Judgment, and Defendants have not made any citation that either (1) weakens EPA's express duty to act on the entire list or (2) introduces any fact that alters EPA's own admission.

---

[2] At various points in the Complaint, Plaintiff states that EPA was required to disapprove the 303(d) List. Those are accurate statements of Plaintiff's position because EPA has a non-discretionary duty to approve or disapprove the Virginia's List, but Plaintiff additionally asserts that it would be arbitrary and capricious for EPA to approve Virginia's List as submitted; thus, EPA's only Clean Water Act-compliant option is to disapprove the List. However, Plaintiff agrees with Defendants that the non-discretionary duty mandated by is 33 U.S.C. § 1313(d)(2) and 40 C.F.R. § 130.7(d)(2) is to approve or disapprove a state's 303(d) List within thirty days of submission, and that is the duty upon which Plaintiff seeks summary judgment.

Defendants' Response further indicates that there is no confusion about the legal or factual basis for Plaintiff's non-discretionary duty claim, and that none of the facts relied upon by Plaintiff are in dispute, as Defendants identified and responded to the substance of Plaintiff's Motion for Partial Summary Judgment, albeit in a single footnote.

Moreover, the cases cited by Defendants do not support their contention that a motion for summary judgment that is factually and legally supported should be denied merely for Plaintiff to file an amended complaint and refile an identical motion for summary judgment. In *Southern Walk at Broadlands Homeowner's Ass'n v. Openband at Broadlands, LLC,* 713 F.3d 175 (4th Cir. 2013), the Fourth Circuit affirmed a dismissal based on lack of standing, noting that parties could not add allegations through briefing or oral advocacy that were neither alleged in the complaint or supported by accompanying exhibits. *Id.* at 184–85 (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 449 (4th Cir. 2011) ( "[S]tatements by counsel that raise new facts constitute matters beyond the pleadings and cannot be considered on a Rule 12(b)(6) motion."). Although this case has little to say about the issue at hand, in that it involves a motion to dismiss rather than a motion for summary judgment, it does contain one relevant nugget: "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached [to the complaint,] . . . the exhibit prevails." *Id.* at 182 (quoting *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir.1991). In other words, "the exhibits to the complaint are a part of the complaint." <u>*Fayetteville Investors,*</u> 936 F.2d at 1465.

Here, similarly, the Court should rely on the undisputed facts included in the Complaint, and the exhibits attached thereto, to resolve Plaintiff's Motion for Partial Summary Judgment.

Two other cases cited by Defendants—*U.S. ex rel. Nathan v. Takeda Pharms. N. Am., Inc.,* 707 F.3d 451 (4th Cir. 2013), and *Zachair Ltd. v. Driggs,* 965 F. Supp. 741 (D. Md. 1997)—are

similarly irrelevant because they, like *Southern Walk*, affirmed the grant of *motions to dismiss* and have nothing to say about motions for summary judgment. This is an important distinction because, even if Plaintiff's Complaint were deficient (and it is not), resolution of issues at the summary judgment stage does not depend on those issues being included in the Complaint. *Cf.* Fed. R. Civ. P. 15(b)(2) ("A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. *But failure to amend does not affect the result of the trial of that issue.*" (emphasis added)).

The only case Defendants cite that involves a motion for summary judgment is *Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co.,* 292 F. Supp. 2d 535 (S.D.N.Y. 2003). In that case, the Court seemed to chide a plaintiff who first offered a "revised formulation" of the breadth of its claim in its brief for the first time in its *opposition* brief to a motion for summary judgment, but "assume[d], without deciding, that the narrower formulation is procedurally proper." *Id.* at 545–46. In its discussion, the Court noted that "It is unclear . . . whether a . . . plaintiff must cling to the precise language . . . as stated in a complaint, or whether a plaintiff may offer a revised formulation in another filing. There is at least some support for the proposition that a plaintiff may offer an updated formulation at a later stage in the litigation." The Court did not, as Defendants appear to suggest, rule that a plaintiff was forever bound by the precise articulation of its claim found in its complaint.

In sum, Plaintiff's Complaint is legally sufficient and the Court may resolve Plaintiff's Motion for Partial Summary Judgment without delay. However, if the Court disagrees and would prefer Plaintiff to amend its Complaint before resolving Plaintiff's non-discretionary duty claim, Plaintiff will move to amend its Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2)

and refile its Motion for Partial Summary Judgment without delay and will request that the Court deny Defendants' two pending motions to dismiss (ECF Nos. 22, 24) as moot.

## CONCLUSION

As demonstrated by EPA's July 28, 2025 letter and accompanying Rationale (ECF No. 1-4), Defendants' Answer (ECF No. 18), and Defendants' Response in opposition to Plaintiff's Motion (which asserts no factual disputes), there is no genuine dispute of material fact over whether EPA failed to fulfill its non-discretionary duty to take action on Virginia's 303(d) list by either approving or disapproving it in its entirety. Wild Virginia is entitled to judgment as a matter of law on its First Claim for Relief. Wild Virginia respectfully requests that the Court:

(1) grant its Motion for Partial Summary Judgment on its First Claim for Relief;

(2) declare that EPA has failed to perform its non-discretionary duty under CWA Section 303(d) and implementing regulations to approve or disapprove of Virginia's 2024 303(d) List;

(3) vacate EPA's approval of Virginia's 2024 303(d) List; and

(4) order EPA to either approve or disapprove of Virginia's 303(d) List with respect to all waterbody-pollutant combinations within thirty days of the Court's Order, and, if, EPA disapproves of the List, to promulgate its own, complete List within thirty days of the the disapproval.

Dated: May 5, 2026                                    Respectfully submitted,

                                                      s/ *Claire Horan*
                                                      Claire Marie Horan (VSB No. 95386)
                                                      APPALACHIAN MOUNTAIN ADVOCATES
                                                      P.O. Box 403
                                                      Charlottesville, Virginia 22902
                                                      choran@appalmad.org
                                                      (907) 687-8561

                                                      Isak Jordan Howell (VSB No. 75011)
                                                      APPALACHIAN MOUNTAIN ADVOCATES
                                                      P.O. Box 2186
                                                      Roanoke, Virginia 24009-2186
                                                      isak@howell-lawoffice.com
                                                      (540) 998-7744


                                                      *Counsel for Wild Virginia*

11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT RICHMOND

WILD VIRGINIA, INC.,

      Plaintiff,

    v.                                     CIVIL ACTION NO. 3:25-cv-1043

UNITED STATED ENVIRONMENTAL
PROTECTION AGENCY; LEE ZELDIN,
in his official capacity as Administrator of
U.S. Environmental Protection Agency;
AMY VAN BLARCOM-LACKEY, in her
official capacity as Regional Administrator
for U.S. Environmental Protection Agency
Region III,

      Defendants.

## CERTIFICATE OF SERVICE

I, Claire Horan, do hereby certify that on May 5, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system.

s/ *Claire Horan*
Claire Marie Horan (VSB No. 95386)
Appalachian Mountain Advocates
P.O. Box 403
Charlottesville, Virginia 22902
choran@appalmad.org
(907) 687-8561

*Counsel for Wild Virginia*

12