**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT RICHMOND**

| | | |
|---|---|---|
| Wild Virginia, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case 3:25-cv-01043 |
| | ) | |
| United States Environmental Protection | ) | |
| Agency, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT
TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

For the reasons set forth herein and in Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and the supporting Memorandum (Doc. Nos. 22, 23), the Complaint (Doc. No. 1) in this matter should be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). With respect to Count I, while the citizen suit provision of the Clean Water Act ("CWA"), 33 U.S.C. § 1365(a)(2), provides a limited waiver of sovereign immunity, the Complaint does not allege a failure to comply with a prerequisite non-discretionary duty, and the Complaint requests that the Court issue a declaratory judgment that the U.S. Environmental Protection Agency ("EPA") has failed to perform and order the EPA to perform a non-discretionary duty that does not exist. With respect to Count II, the Complaint fails to assert any facts that would show that the EPA has consummated its decision-making with respect to the omission of certain allegedly impaired waters from Virginia's 2024 submission pursuant to CWA Section 303(d).

The Court must decide the Motion based on the Complaint as written, and not a hypothetical pleading that morphs with Plaintiff's ever-changing view of the non-discretionary duty that the EPA allegedly has not performed. Accordingly, the Court should grant the Motion and dismiss the Complaint without prejudice.

**COUNT I**

With respect to Count I, the CWA's citizen suit provision (33 U.S.C. § 1365(a)(2)) provides a cause of action where "there is alleged a failure of the [EPA] to perform any act or duty under this chapter which is not discretionary with the [EPA]." The CWA's citizen suit provision, therefore, creates a *limited* waiver of sovereign immunity that must be "construed strictly" in favor of the EPA. *Conservation Law Found., Inc. v. Pruitt*, 881 F.3d 24, 28 (1st Cir. 2018) (quoting *U.S. Dep't of Energy v. Ohio*, 503 U.S. 607, 615 (1992)); *see also Murray Energy Corp. v. Adm'r of EPA*, 861 F.3d 529, 535 (4th Cir. 2017), *as amended* (July 18, 2017) (interpreting the Clean Air Act's analogous citizen suit provision). To avail itself of the limited waiver of sovereign immunity under the citizen suit provision, Plaintiff must allege a clearly mandated, nondiscretionary duty imposed on the EPA as a "prerequisite for federal jurisdiction." *Sanitary Bd. of Charleston v. Wheeler*, 918 F.3d 324, 331 (4th Cir. 2019) (*quoting Miccosukee Tribe of Indians of Fla. v. EPA*, 105 F.3d 599, 602 (11th Cir. 1997)). Mere invocation of 33 U.S.C. § 1365 is insufficient to sustain federal jurisdiction in the absence of a clearly mandated non-discretionary duty imposed on the EPA. *Id.*

Count I of the Complaint fails this standard. Plaintiff now concedes that Section 303(d) of the Clean Water Act, 33 U.S.C. § 1313(d) does not create a non-discretionary duty for the EPA to disapprove Virginia's 2024 submission pursuant to CWA Section 303(d).  Pl.'s Resp. to Defs.' Mot. to Dismiss Pursuant to Rule 12(b)(6) at 9, Doc. No. 28 ("Defendant is

correct that the non-discretionary duty mandated by 33 U.S.C. § 1313(d)(2) and 40 C.F.R. § 130.7(d)(2) requires only an action and not a particular result. . . .”). Yet, that is exactly the non-discretionary duty asserted in the Complaint: “EPA had and has a mandatory duty to disapprove Virginia’s submission.” Compl. ¶ 70. [1] More significantly, the Complaint requests that the Court declare the existence of exactly that alleged non-discretionary duty and order the EPA to perform it. Paragraph (1) of the Complaint’s Relief Requested section asks this Court to “[d]eclar[e] that EPA has failed to perform its *nondiscretionary duties ….* to *disapprove* Virginia’s submission ….” (emphasis added). Compl. Relief Requested ¶ 1. Paragraph (4) of that section requests that this Court “[o]rder EPA to perform its *mandatory duties to disapprove* Virginia’s 303(d) List ….” (emphasis added). *Id.* ¶ 4. [2]

Plaintiff asks the Court to pay no attention to the plain language of its own Complaint first through selective quotation (*see* n.1, *supra*) and then by crying “technicality” and asking the Court to disregard the principle that a plaintiff is “bound by the allegations contained in its complaint and cannot, through the use of motions briefs, amend the complaint.” *Zachair, Ltd.*

---

[1] Plaintiff quotes the first sentence of Paragraph 70 (“VDEQ’s submission of its 303(d) List as part of its 2024 Integrated Report triggered EPA’s nondiscretionary duty to approve or disapprove all elements of the 303(d) List”) (*see* Doc. No. 27 at 7) while omitting the second sentence: “Because VDEQ’s submission did not assess waters for impairment based on PFAS pollution despite abundant available data and thus did not satisfy the requirements of CWA section 303(d) and its implementing regulations, EPA had and has a mandatory duty to disapprove Virginia’s submission and develop its own, complete list of impaired waters.” Compl. ¶ 70.

[2] Plaintiff’s effort to rewrite Paragraphs 1 and 4 of the Complaint’s Relief Requested as tied to Count II’s claim under the Administrative Procedure Act (“APA”) (Doc. No. 28 at 8-9 n.2) both disregards the express language of Paragraphs 1 (“non-discretionary duties under the CWA. . . to disapprove. . .”) and 4 (“mandatory duties to disapprove. . .”) and the fact that Paragraph 2 of the Relief Requested explicitly seeks the relief under the APA: “(2) Declar[e] that EPA’s approval of Virginia’s 2024 303(d) list is arbitrary and capricious and not in accordance with law under the APA[.]” Compl. ¶¶ 1, 4, 2.

3

*v. Driggs,* 965 F. Supp. 741, 748 n. 4 (D. Md. 1997). But the law is clear: Plaintiff cannot cure its deficient Complaint by asserting a different non-discretionary duty in its briefs, either in response to a Motion to Dismiss or in Motion for Summary Judgment. *See* cases cited *infra*.

The moving target presented by Plaintiff's various pleadings demonstrates why the Complaint should be dismissed for lack of jurisdiction. The Court must evaluate jurisdiction based on the complaint before it and cannot decide the Motion to Dismiss based on hypothetical allegations of non-discretionary duties which are not stated in the Complaint. As stated above, the Complaint expressly requests the Court to issue a judgment "[d]eclaring that EPA has failed to perform its nondiscretionary duties under CWA section 303(d) and implementing regulations to disapprove Virginia's submission of a 303(d) List that failed to address toxic PFAS pollution" and "[o]rdering EPA to perform its mandatory duties to disapprove Virginia's 303(d) List and develop its own list of impaired waters that reflects available data regarding PFAS pollution." Compl., Relief Requested ¶¶ 1, 4. Notwithstanding Plaintiff's attempted obfuscation, the non-discretionary duty asserted in the Complaint is an alleged duty to disapprove Virginia's submission, a "duty" that Plaintiff now concedes does not exist.  Doc. No. 28 at 9.

In the Memorandum in Support of its Motion for Partial Summary Judgment (Doc. No. 16), Plaintiff reformulated the non-discretionary duty beyond that alleged in the Complaint: "EPA failed to perform its non-discretionary duty to approve or deny Virginia's submission when it carved out a list of waterbody segments for which it purported to take 'no action.'" Pl.'s Memo in Support of Mot. for Summary Judgment at 1, Doc. No. 16. *See also id.* at 16-17 ("EPA had no authority to leave some waterbody segments out of its evaluation, as Section 303(d) includes only the options to approve or disapprove a List. Taking 'no action'

4

on a part of its required determination is not an option. Nor is it logically possible. EPA's carveout of some waterbody segments for 'no action' renders its approval of the rest of Virginia's List meaningless …. There is simply no room for EPA to reserve judgment on whether certain waterbody segments are impaired") (case citation omitted).

And in its more recent filings, Plaintiff reformulates EPA's alleged non-discretionary duty once more. In its Reply in Support of its Motion for Partial Summary Judgment (Doc. No. 27) and in its oppositions to Defendants' Motions to Dismiss (Doc. Nos. 28, 29), Plaintiff moves the target *again* and settles upon yet a third alleged non-discretionary duty: "EPA violated its nondiscretionary duty to approve or disapprove a state's 303(d) List within thirty days of submission." *E.g.,* Doc. No. 28 at 9.

Plaintiff tries to minimize its ever-changing theory of non-discretionary duty as semantics, but the difference is real and is reflected in the relief Plaintiff seeks under each theory. In the Complaint, Plaintiff asks the Court to declare a non-discretionary duty to disapprove Virginia's submission and order the EPA to undertake an alleged non-discretionary duty to disapprove it. Compl. Relief Requested ¶¶ 1, 4. By contrast, if the non-discretionary duty that is allegedly violated is the one in Plaintiff's Opposition, *i.e.,* an alleged duty to either approve or disapprove Virginia's submission within 30 days, the appropriate relief would be to direct EPA to take action, not to reach a particular result.

Plaintiff's attempt to gloss over the distinction ("the Complaint contains more than enough factual and legal support for that claim" (Doc. No. 28 at 9)) amounts to a request that the Court effectively amend the Complaint, declare a different non-discretionary duty than that requested in the Complaint, and order different relief. The law is well-established, however, that motions papers (be they in opposition to a motion to dismiss or in a motion for

summary judgment) cannot serve to re-write a deficient Complaint. *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184-85 (4th Cir. 2013); *U.S. ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 458 n.8 (4th Cir. 2013); *Zachair*, 965 F. Supp. at 748 n.4; *cf.*, *Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co.,* 292 F. Supp. 2d 535, 544 (S.D.N.Y. 2003).

The appropriate remedy is to dismiss Count I without prejudice for lack of jurisdiction.

**COUNT II**

Plaintiff's arguments as to Count II fare no better. Like the CWA's citizen suit provision, the Administrative Procedure Act ("APA") provides only a limited waiver of sovereign immunity, which must be strictly construed. And, like the CWA's citizen suit provision, Plaintiff cannot simply invoke the APA as a waiver of sovereign immunity regardless of whether the facts pleaded, if taken as true, would support a claim under the APA. The existence of a final agency action is a threshold question to a claim under the APA. 5 U.S.C. § 704; *Fund for Animals, Inc. v. U.S. Bureau of Land Mgmt.*, 460 F.3d 13, 18 (D.C. Cir. 2006); *see Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 61-62 (2004) ("[T]he 'agency action' complained of must be 'final agency action.'" (quoting 5 U.S.C. § 704)). A final agency action must do two things: it must "signal[] the consummation of an agency's decisionmaking process *and* give[] rise to legal rights or consequences." *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 274 (4th Cir. 1999); *see Bennett v. Spear,* 520 U.S. 154, 177-78 (1997).

While Plaintiff is correct that a Complaint may plead alternative claims, the Complaint still must plead facts that, if taken as true, would support the alternative claim. Here, the Complaint pleads no facts that would support an assertion that the EPA has taken a final

6

agency action with respect to the alleged impairments identified in Paragraph 59 of the Complaint. The only fact pleaded in the Complaint regarding the status of the EPA's decisionmaking with regard to those waters is that the EPA stated it is "taking no action at this time." Compl. ¶¶ 55, 58. That is the opposite of the "consummation of [EPA's] decisionmaking" necessary for a final agency action under the APA. *COMSAT*, 190 F.3d at 274.

Lacking any facts that would demonstrate the consummation of EPA's decisionmaking, the Complaint resorts to a legal fiction that EPA's statement that it was "taking no action at this time" somehow amounts to the consummation of agency decisionmaking with regard to those alleged impairments or the 303(d) list submission as a whole. Plaintiff cannot conjure a factual allegation out of a legal leap of faith. Until the agency consummates its decisionmaking, there is not yet any final agency action for Plaintiff to challenge under the APA.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and dismiss the Complaint without prejudice.

mplaint without prejudice.

Dated: May 19, 2026            Respectfully submitted,

                               ADAM R.F. GUSTAFSON
                               PRINCIPAL DEPUTY ASSISTANT ATTORNEY
                               GENERAL

                    By:    /s/_____
                           Laura J. Glickman
                           D.C. Bar # 995597

7

Senior Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 598-3056
laura.glickman@usdoj.gov


TODD W. BLANCHE
ACTING ATTORNEY GENERAL

By:    /s/ _____
Jonathan H. Hambrick
VSB No. 37590
Attorney for the Defendant
Office of the United States Attorney
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Telephone: (804) 819-5400
Facsimile: (804) 771-2316
Email: jay.h.hambrick@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By:    /s/_____
Laura J. Glickman
D.C. Bar # 995597
Senior Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 598-3056
laura.glickman@usdoj.gov