**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**AT RICHMOND**

| | | |
|---|---|---|
| Wild Virginia, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case 3:25-cv-01043 |
| | ) | |
| United States Environmental Protection | ) | |
| Agency, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT**
**TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

For the reasons set forth herein and in Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the supporting Memorandum (Doc. Nos. 24, 25), the Complaint (Doc. No. 1) in this matter should be dismissed for failure to state a claim as to which relief can be granted. Fed. R. Civ. P. 12(b)(6). With respect to Count I, the Complaint does not allege a failure to comply with a prerequisite non-discretionary duty, and the Complaint requests that the Court issue a declaratory judgment that the U.S. Environmental Protection Agency ("EPA") has failed to perform a non-discretionary duty and order the EPA to perform a non-discretionary duty that does not exist. With respect to Count II, the Complaint fails to assert any facts that would show that the EPA has consummated its decisionmaking with respect to the omission of certain allegedly impaired waters from Virginia's 2024 submission pursuant to CWA Section 303(d).

The Court must decide this Motion based on the Complaint as written, and not a hypothetical pleading that morphs with Plaintiff's ever-changing view of the non-discretionary duty that the EPA allegedly has not performed. Accordingly, the Court should grant the Motion and dismiss the Complaint without prejudice.

**COUNT I**

With respect to Count I, the CWA's citizen suit provision (33 U.S.C. § 1365(a)(2)) provides a cause of action where "there is alleged a failure of the [EPA] to perform any act or duty under this chapter which is not discretionary with the [EPA]." The Fourth Circuit has interpreted such citizen suit provisions "'narrowly' by confining [their] scope to the enforcement of legally required acts or duties of a specific and discrete nature that precludes broad agency discretion." *Murray Energy Corp. v. Adm'r of EPA*, 861 F.3d 529, 535 (4th Cir. 2017), *as amended* (July 18, 2017) (interpreting the Clean Air Act's analogous citizen suit provision). The Fourth Circuit has held that a clearly mandated, nondiscretionary duty imposed on the EPA is a "prerequisite." *Sanitary Bd. of Charleston v. Wheeler*, 918 F.3d 324, 331 (4th Cir. 2019) (*quoting Miccosukee Tribe of Indians of Fla. v. EPA*, 105 F.3d 599, 602 (11th Cir. 1997)).

Count I of the Complaint fails this standard because it alleges a non-discretionary duty to disapprove Virgina's 2024 CWA Section 303(d) submission, a "duty" that Plaintiff now concedes does not exist. In Paragraph 70,[1] the Complaint asserts: "EPA had and has a

---

[1] Plaintiff quotes the first sentence of Paragraph 70 ("VDEQ's submission of its 303(d) List as part of its 2024 Integrated Report triggered EPA's nondiscretionary duty to approve or disapprove all elements of the 303(d) List") (*see* Doc. No. 27 at 7) while omitting the second sentence: "Because VDEQ's submission did not assess waters for impairment based on PFAS pollution despite abundant available data and thus did not satisfy the requirements of CWA section 303(d) and its implementing regulations, EPA had and has a mandatory duty to

mandatory duty to disapprove Virginia's submission." More significantly, the Complaint

requests that the Court "[d]eclar[e] that EPA has failed to perform its *nondiscretionary duties*

. . . to *disapprove* Virginia's submission. . . ." Compl. Relief Requested ¶ 1 (emphasis added).

Paragraph (4) of the same section requests that this Court "[o]rder[] EPA to perform its

*mandatory duties to disapprove* Virginia's 303(d) List. . . ." (emphasis added). *Id.* ¶ 4. [2]

Plaintiff now concedes that Section 303(d) of the Clean Water Act, 33 U.S.C. § 1313(d), does

not create a non-discretionary duty for the EPA to disapprove Virginia's 2024 submission

pursuant to CWA Section 303(d). Doc. 29 at 10 ("Defendant is correct that the non-

discretionary duty mandated by 33 U.S.C. § 1313(d)(2) and 40 C.F.R. § 130.7(d)(2) requires

only an action and not a particular result ….").

Plaintiff asks the Court to pay no attention to the plain language of its own Complaint

through selective quotation, by crying "technicality," and asking the Court to disregard the

principle that a plaintiff is "bound by the allegations contained in its complaint and cannot,

through the use of motions briefs, amend the complaint." *Zachair, Ltd. v. Driggs*, 965 F. Supp.

741, 748 n. 4 (D. Md. 1997). But the law is clear: Plaintiff cannot cure its deficient Complaint

by asserting a different non-discretionary duty in its briefs, either in response to a Motion to

Dismiss or in a Motion for Summary Judgment. *See* cases cited *infra*.

---

disapprove Virginia's submission and develop its own, complete list of impaired waters."
Compl. ¶ 70.

[2] Plaintiff's effort to rewrite Paragraphs 1 and 4 of the Complaint's Relief Requested as tied to
Count II's claim under the Administrative Procedure Act ("APA") (Doc. No. 28 at 8-9 n.2) both
disregards the express language of Paragraphs 1 ("non-discretionary duties under the [CWA] …
to disapprove…") and 4 ("mandatory duties to disapprove …") and the fact that Paragraph 2 of
the Relief Requested explicitly seeks the relief that would be available under the APA: "(2)
Declar[e] that EPA's approval of Virginia's 2024 303(d) list is arbitrary and capricious and not
in accordance with law under the APA[.]" Compl. ¶¶ 1, 4, 2.

3

The moving target presented by Plaintiff's various pleadings demonstrates why the Complaint should be dismissed. As stated above, the Complaint expressly requests the Court to issue a judgment "[d]eclaring that EPA has failed to perform its nondiscretionary duties under CWA section 303(d) and implementing regulations to disapprove Virginia's submission of a 303(d) List that failed to address toxic PFAS pollution" and "[o]rdering EPA to perform its mandatory duties to disapprove Virginia's 303(d) List and develop its own list of impaired waters that reflects available data regarding PFAS pollution." Compl., Relief Requested ¶¶ 1, 4. Notwithstanding Plaintiff's attempted obfuscation, the non-discretionary duty asserted in the Complaint is an alleged duty to disapprove Virginia's submission, something Plaintiff now concedes is a non-existent duty. Doc. 29 at 10.

In the Memorandum in Support of its Motion for Partial Summary Judgment (Doc. No. 16), Plaintiff reformulated the non-discretionary duty beyond that alleged in the Complaint: "EPA failed to perform its non-discretionary duty to approve or deny Virginia's submission when it carved out a list of waterbody segments for which it purported to take 'no action.'" Pl.'s Memo in Support of Mot. for Summary Judgment at 1, Doc. No. 16. *See also id.* at 16-17 ("EPA had no authority to leave some waterbody segments out of its evaluation, as Section 303(d) includes only the options to approve or disapprove a List. Taking 'no action' on a part of its required determination is not an option. Nor is it logically possible. EPA's carveout of some waterbody segments for 'no action' renders its approval of the rest of Virginia's List meaningless. . . . There is simply no room for EPA to reserve judgment on whether certain waterbody segments are impaired" (citation omitted)).

And in its more recent filings, Plaintiff reformulates EPA's alleged non-discretionary duty once more. In its Reply in Support of its Motion for Partial Summary Judgment (Doc.

4

No. 27) and in its oppositions to Defendants' Motions to Dismiss (Doc. Nos. 28, 29), Plaintiff moved the target *again* and settled upon yet a third non-discretionary duty: "EPA violated its nondiscretionary duty to approve or disapprove a state's 303(d) List within thirty days of submission." *E.g.*, Pl.'s Resp. to Defs.' Mot. to Dismiss Pursuant to Rule 12(b)(6) at 9, Doc. No. 28.

Plaintiff tries to minimize its ever-changing theory of non-discretionary duty as semantics, but the difference is real and is reflected in the relief Plaintiff seeks under each theory. In the Complaint, Plaintiff asks the Court to declare a non-discretionary duty to disapprove Virginia's submission and order the EPA to undertake an alleged non-discretionary duty disapprove it. Compl. Relief Requested ¶¶ 1, 4. By contrast, if the non-discretionary duty that is allegedly violated is a duty either to approve or disapprove Virginia's submission within 30 days, the appropriate relief would be to direct EPA to take action, not to reach a particular result.

Plaintiff's attempt to gloss over the distinction ("the Complaint contains more than enough factual and legal support for that claim" (Doc. No. 29 at 10)) amounts to a request that the Court effectively amend the Complaint, and declare a different non-discretionary duty and award different relief than that requested in the Complaint. The law is well-established, however, that motions papers (be they in opposition to a motion to dismiss or summary judgment) cannot serve to re-write a deficient Complaint. *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184-85 (4th Cir. 2013); *U.S. ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 458 n.8 (4th Cir. 2013); *Zachair*, 965 F. Supp. at 748 n.4; *cf.*, *Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co.*, 292 F. Supp. 2d 535, 544 (S.D.N.Y. 2003).

5

The appropriate remedy is to dismiss Count I without prejudice for failure to state a claim.

**COUNT II**

Plaintiff's arguments as to Count II fare no better because the Complaint pleads no facts that would support an assertion that EPA has taken a final agency action as to the waters identified in Paragraph 59 of the Complaint. The existence of a final agency action is a threshold question to a claim under the APA. 5 U.S.C. § 704; *Fund for Animals, Inc. v. U.S. Bureau of Land Mgmt.*, 460 F.3d 13, 18 (D.C. Cir. 2006); *see Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 61-62 (2004) ("[T]he 'agency action' complained of must be 'final agency action.'" (quoting 5 U.S.C. § 704)). A final agency action must do two things: it must "signal[] the consummation of an agency's decisionmaking process *and* give[] rise to legal rights or consequences." *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 274 (4th Cir. 1999); *see Bennett v. Spear,* 520 U.S. 154, 177-78 (1997).

While Plaintiff is correct that a Complaint may plead alternative claims, the Complaint still must plead facts to support the alternative legal theory. Here, the Complaint pleads no facts that would support an assertion that the EPA has taken a final agency action challengeable under the APA with respect to the alleged impairments identified in Paragraph 59 of the Complaint. The only fact pleaded in the Complaint regarding the status of the EPA's decisionmaking with regard to those waters is that the EPA is "taking no action at this time." Compl. ¶¶ 55, 58. That is the opposite of the "consummation of [EPA's] decisionmaking" necessary for a final agency action under the APA. *COMSAT*, 190 F.3d at 274.

Lacking any facts that would demonstrate the consummation of EPA's decisionmaking, the Complaint resorts to a legal fiction that EPA's statement that it was

6

"taking no action at this time" somehow amounts to the consummation of agency decisionmaking with regard to those alleged impairments or the 303(d) list submission as a whole. Plaintiff cannot conjure a factual allegation out of a legal leap of faith. Until the Agency consummates its decisionmaking, there is not yet any final agency action for Plaintiff to challenge under the APA.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss the Complaint without prejudice.

Dated: May 19, 2026                    Respectfully submitted,

                                       ADAM R.F. GUSTAFSON
                                       PRINCIPAL DEPUTY ASSISTANT ATTORNEY
                                       GENERAL


                            By:    /s/_____
                                   Laura J. Glickman
                                   D.C. Bar # 995597
                                   Senior Attorney
                                   U.S. Department of Justice
                                   Environment & Natural Resources Division
                                   Environmental Defense Section
                                   P.O. Box 7611
                                   Washington, D.C. 20044
                                   Tel: (202) 598-3056
                                   laura.glickman@usdoj.gov

TODD W. BLANCHE
ACTING ATTORNEY GENERAL


By:    /s/_____
       Jonathan H. Hambrick
       VSB No. 37590
       Attorney for the Defendant
       Office of the United States Attorney
       919 East Main Street, Suite 1900
       Richmond, Virginia 23219
       Telephone: (804) 819-5400
       Facsimile: (804) 771-2316
       Email: jay.h.hambrick@usdoj.gov

8

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By:    /s/_____
Laura J. Glickman
D.C. Bar # 995597
Senior Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 598-3056
laura.glickman@usdoj.gov