IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT RICHMOND

WILD VIRGINIA, INC.,

        **Plaintiff,**

        **v.**                             **CIVIL ACTION NO. 3:25-cv-1043**

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; LEE ZELDIN,
in his official capacity as Administrator of
U.S. Environmental Protection Agency;
AMY VAN BLARCOM-LACKEY, in her
official capacity as Regional Administrator
for U.S. Environmental Protection Agency
Region III,

        **Defendants.**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE
PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests leave to file the proposed Plaintiff's First Amended and Supplemental Complaint. The proposed new complaint eliminates the first claim for relief in Plaintiff's original complaint, makes clear that the claim retained from the original complaint is limited to waters upon which EPA took action on July 28, 2025, and adds a new supplemental claim for relief based upon EPA's supplemental action on June 8, 2026. To make plain the proposed changes from the original complaint, both a clean version and redline version of the proposed Plaintiff's First Amended and Supplemental Complaint are attached to the Motion.

The deadline for amending pleadings has not passed, and as explained below, the amendment will not cause delay, is not made in bad faith, causes no undue prejudice, and is not futile. For these reasons, Plaintiff requests that the Court grant the motion. Plaintiff has been

1

informed by counsel for the Defendants that they reserve their position on this motion, at this time.

### Background

Plaintiff filed this action to challenge the EPA's approval of the Virginia Department of Environmental Quality's ("VDEQ's") 2024 305(b)/303(d) Water Quality Assessment Integrated Report ("Integrated Report"). VDEQ submitted that report on March 28, 2025. ECF No. 1 at ¶ 45. On July 28, 2025, EPA issued a decision approving the list except for certain, specifically identified, waterbody segments in the Chickahominy River watershed. EPA purported to take "no action" on those segments. *Id.* at ¶ 55.

Plaintiff's original complaint asserted two claims for relief. First, Plaintiff asserted a claim for failure to perform a non-discretionary duty under the citizen suit provision of the Clean Water Act, alleging that, by taking no action on certain waterbody segments within the Chickahominy River watershed, the EPA was in violation of a Clean Water Act requirement to approve or disapprove the submission of such a list within 30 days. *Id.* at ¶¶ 61–72. Plaintiff asserted a second claim for relief under the Administrative Procedure Act that EPA's approval of the list was arbitrary and capricious because of VDEQ's failure to consider PFAS data for all waters in Virginia. *Id.* at ¶¶ 73–81. This claim addressed EPA's approval of the list as to all waters in Virginia other than the segments on which EPA purported to take no action, as well as—as an alternative to the first claim—that if the "no action" decision on the Chickahominy segments was a final action, it was arbitrary and capricious along with the approval of other streams on which EPA affirmatively issued approval.  *Id.* at ¶ 80. In other words, the second claim included all waters in Virginia other than the "no action" segments or, in the alternative, all waters in Virginia, including the "no action" segments.

On June 8, 2026, EPA took a second action which explicitly approved the VDEQ's non-listing of the Chickahominy River watershed segments for PFAS-related impairment. *See* ECF No. 33-1. Plaintiff's motion for leave to file its First Amended and Supplemental Complaint is a result of that action. First, Plaintiff proposes to eliminate the first claim for relief, which was based on EPA's taking "no action" on the Chickahominy River watershed streams. Second, Plaintiff seeks to amend what was originally its second claim for relief (and now the first) to clarify that this claim pertains to the initial July 28, 2025 approval of the 303(d) as to waterbodies other than the Chickahominy River watershed segments, and eliminates the alternative portion of that claim predicated on the theory that EPA's decision to take "no action" on the Chickahominy River segments was a final agency action appealable under the Administrative Procedure Act. Lastly, the proposed new complaint asserts a third claim, that the June 8, 2026 action was arbitrary and capricious as to the Chickahominy River watershed segments, and also, if it superseded the original action, as to the evaluation of PFAS impairment for all Virginia waters.

## ARGUMENT

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, once a responsive pleading has been filed, "a party may amend [its] pleading only by leave of court or by written consent of the adverse party," but "leave shall be freely given when justice so requires." Although the amending party must seek leave of the court, "the federal rules strongly favor granting leave to amend." *Midigen of Ky. Inc. v. Pub. Serv. Comm'n of W. Va.*, 985 F.2d 164, 167–68 (4th Cir. 1993). "A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77

3

(4th Cir. 2001)). The liberal nature of this rule gives effect to the federal policy in favor of resolving cases on their merits, rather than disposing of them on technicalities. *See Ostrzzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999).

Federal Rule of Civil Procedure 15(d) provides that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The standard of review for a motion to supplement is nearly identical to the one for a motion to amend. *Franks v. Ross,* 313 F.3d 184, 198 n. 15 (4th Cir. 2002) ("[T]he standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical. In either situation, leave should be freely granted, and should be denied only where good reason exists such as prejudice to defendants.") (internal quotations omitted; ellipses in original); *see also Dacha v. Moody*, Civ. Action No. 3:24-CV-173, 2026 WL 625494, at *14 (E.D. Va. Mar. 5, 2026) (recognizing the "nearly identical" standards of review).

A.  <u>Granting Leave to Amend and Supplement Would Not Cause Undue Delay</u>

Plaintiff's Motion is timely and is in line with the deadline established by the Court in its July 2, 2026, Scheduling Order. ECF No. 36. Deadlines for dispositive briefing and/or trial have not yet been established. Moreover, the amendments to the complaint should help streamline the case by narrowing the issues and eliminating the claim for relief for failure to perform a non-discretionary duty under the Clean Water Act's citizen suit provision, which Plaintiff will no longer pursue as a result of EPA's June 8, 2026 action. That claim is a subject of pending motions to dismiss and a motion for partial summary judgment. ECF Nos. 15, 22, 24. The amendments also clarify the scope of the claim for relief remaining from the original complaint by eliminating facts and issues related to EPA's purported "no action" on Chickahominy River watershed

streams in its July 28, 2025 decision. As a result, the amendments to the complaint will not cause undue delay but rather will simplify matters in the case going forward.

The complaint does contain one new claim for relief. The new claim as in the nature of a supplemental claim, as it is based upon a recent June 8, 2026 action of which the agency only notified the Court and Plaintiff a few weeks ago. *See* ECF No. 33. Plaintiff timely updated its complaint with supplementary facts and the new supplementary claim for relief, within the Court's prescribed deadline. ECF No. 36. The assertion of the new claim for relief should cause minimal, if any, delay. Any resulting delay would not be "undue," as the supplement is a direct result of a new agency action. Finally, even if the requested amendment would cause some minor delay, "the Fourth Circuit has held, as have a number of other circuits, that delay alone is not sufficient reason to deny leave to amend. The delay must be accompanied by prejudice, bad faith, or futility." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986). As explained in the following sections, none of those elements is present.

B.  Plaintiff's Request for Leave to Amend and Supplement is Made in Good Faith

Plaintiff's Motion for leave to amend is made in good faith, and there is no "bad faith or dilatory motive on the part of the movant, [or] repeated failure to cure deficiencies to amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This is Plaintiff's first amendment to the complaint in this case; thus, there have not been repeated attempts to cure deficiencies. Furthermore, the amendments and supplementation are largely the result of EPA's own recent action. Plaintiff has not sat on its hands and have filed its motion within the deadlines set in the Courts' recent Scheduling Order, and within a few weeks of the notification of EPA's action. Throughout the pendency of this action, Plaintiff has worked diligently to progress this case towards resolution, responding in a timely manner to several motions by EPA, opposing a

5

motion to hold the proceedings in abeyance, and filing its own motion for summary judgment. The amendments and supplemental material are not proposed in bad faith but rather to simplify existing claims and update the operative complaint to account for EPA's recent action.

C.  There Is No Undue Prejudice to the Opposing Party

"[T]he further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's part." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). Although prejudice can result where a new legal theory is alleged if it would entail additional discovery and evidentiary burdens on the part of the opposing party, this "basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial." *Scott v. Fam. Dollar Stores, Inc.*, 733 F.3d 105, 118–19 (4th Cir. 2013) (quoting *Johnson,* 785 F.2d at 510). Here the Court has not yet established deadlines for trial or dispositive motions and prejudice would be minimal, if any exists at all.

While the proposed amended and supplemental complaint does assert a new claim for relief, that claim is based on a new action that is integrally related to EPA's June 28, 2025 action on which the original complaint is based and alleges similar deficiencies under the Administrative Procedure Act in both EPA actions. Judicial economy would best be served by considering such a related action in this case rather than a similar but separately filed one. *See Parks v. Fowler*, No. 3:17-CV-00670, 2019 WL 8584639, at *1 (W.D.N.C. Apr. 16, 2019) ("[I]f the Court denied the amendment, Plaintiffs would be required to file a separate lawsuit and seek consolidation of the actions. . . . Judicial economy and the interests of justice require the Court, in this instance, to allow all claims to be brought under one complaint: the Second Amended

6

Complaint. . . . This approach prevents duplicative analysis and allows for the efficient administration of the matter.").

    D.  <u>Plaintiff's Request for Leave to Amend and Supplement Is Not Futile</u>

"Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson,* 785 F.2d at 510. "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). "If a proposed amendment sets forth facts and circumstances which may entitle a plaintiff to relief, then futility is not a proper basis on which to deny the amendment." *Smithfield Foods Inc. v. United Food & Com. Workers Int'l Union*, 254 F.R.D. 274, 280 (E.D. Va. 2008). "Further, even where the possibility of relief is remote, leave to amend is to be permitted because it is the possibility of recovery, and not its likelihood, that guides this Court's analysis." *Id.*

Plaintiff's proposed amended and supplemental complaint is not futile. As described in both the original and proposed amended and supplemental complaint, EPA's action approving VDEQ's Integrated Report on July 28, 2025 was arbitrary and capricious because VDEQ did not evaluate existing PFAS data, as required by regulations promulgated pursuant to the Clean Water Act. As described in the new complaint, the June 8, 2026 EPA decision, while attempting to excuse VDEQ's failure to evaluate PFAS data collected from the Chickahominy watershed segments, only describes methodologies that will be used by VADEQ to evaluate fish tissue data in the future—not any methodology that was actually used by VDEQ to evaluate fish tissue data in preparing its Integrated Report. Moreover, EPA's June 8, 2026 decision does not address VDEQ's failure to address other forms of PFAS data that were collected by and or available to VDEQ and does not identify any evaluation or consideration of PFAS data for impairment of

water quality apart from fish tissue consumption. Lastly, the June 8, 2026 decision does not address the evaluation of any Virginia waterbody segments other than those upon which EPA purported to take no action on July 28, 2025. Plaintiff has clearly alleged facts supporting their claims that EPA's actions on both July 28, 2025 and June 8, 2026 were arbitrary and capricious or otherwise in violation of the law and thus contrary to the provisions of the Administrative Procedure Act. The amended and supplemental complaint is not insufficient or frivolous on its face, and it sets forth facts and circumstances that may entitle Plaintiff to relief. The proposed complaint is not futile.

## Conclusion

For the reasons explained above, Plaintiff respectfully requests that the Court grant its Motion for Leave to File Plaintiff's First Amended and Supplemental Complaint.

Dated: July 17, 2026

Respectfully submitted,

s/Claire Horan
Claire Marie Horan (VSB No. 95386)
APPALACHIAN MOUNTAIN ADVOCATES
P.O. Box 403
Charlottesville, VA 22902
(907) 687-9561
choran@appalmad.org

Isak Jordan Howell (VSB No. 75011)
APPALACHIAN MOUNTAIN ADVOCATES
P.O. Box 2186
Roanoke, VA 24009
(540) 998-7744
isak@howell-lawoffice.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**AT RICHMOND**

**WILD VIRGINIA, INC.,**

      **Plaintiff,**

      **v.**

**UNITED STATED ENVIRONMENTAL**
**PROTECTION AGENCY; LEE ZELDIN,**
**in his official capacity as Administrator of**
**U.S. Environmental Protection Agency;**
**AMY VAN BLARCOM-LACKEY, in her**
**official capacity as Regional Administrator**
**for U.S. Environmental Protection Agency**
**Region III,**

      **Defendants.**

**CIVIL ACTION NO. 3:25-cv-1043**

**CERTIFICATE OF SERVICE**

I, Claire Marie Horan, do hereby certify that on July 17, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system.

s/Claire Horan
Claire Marie Horan (VSB No. 95386)
APPALACHIAN MOUNTAIN ADVOCATES
P.O. Box 403
Charlottesville, Virginia 22902
(907) 687-8561
choran@appalmad.org

*Counsel for Plaintiff*