**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| Wild Virginia, Inc., <br><br> Plaintiff, <br><br> v. <br><br> United States Environmental Protection Agency, et al, <br><br> Defendants. | No. 3:25-cv-01043 |

**JOINT MOTION TO VACATE THE SCHEDULING ORDER, IN PART, AND ENTER A
DISPOSITIVE MOTIONS BRIEFING SCHEDULE**

Plaintiff, Wild Virginia, Inc., and Defendants, the United States Environmental

Protection Agency and its officials respectfully move the Court to vacate the Scheduling Order

and Pretrial Schedule A, that the Court entered on July 2, 2026, ECF 36 and 36-1, as they relate

to discovery and trial preparation, but leave the initial pretrial conference on the calendar for

purposes of addressing a dispositive motion briefing schedule.

This case involves an Administrative Procedure Act challenge to EPA's decision-making

under the Clean Water Act, 33 U.S.C. § 1313(d). The Parties agree that the case is an

administrative record review case, which does not require discovery, and which should be

decided on dispositive motions briefing without a trial. Therefore, the Parties do not need the

discovery and trial preparation procedures described in the Court's Scheduling Order, and

respectfully move the Court to vacate that Order, as it applies to discovery and trial preparation.

1

The Parties have further agreed to the following proposed schedule for Defendants' response to the Amended Complaint and the production of the administrative record:

Deadline for Defendants' response to the Amended Complaint: **August 21, 2026**

Deadline to meet and confer on the scope of the administrative record: **September 2, 2026**

Deadline for Defendants to provide Plaintiff with the administrative record documents and file a certified index: **September 11, 2026**

Deadline for Plaintiff's Administrative Record Motion, if any: **September 25, 2026**

Deadline for Response to Plaintiff's Administrative Record Motion: **October 9, 2026**

Deadline for Reply in Support of Plaintiff's Administrative Record Motion: **October 16, 2026**

Still, the Parties have been unable to reach agreement on the briefing schedule for dispositive motions, and request that the Court keep the initial pretrial conference on its calendar for July 29, 2026, for purposes of addressing differences in their proposed schedules and setting a briefing schedule.

## PLAINTIFF'S POSITION AND PROPOSED SCHEDULE

Plaintiff believes its proposed schedule, below, is both appropriate for the nature of this case and consistent with the default schedule for summary judgment briefing in Eastern District of Virginia Local Rules 56(A) and 7(F)(1). This is a straightforward Administrative Procedure Act case that can proceed as expeditiously as the Local Rules contemplate. For practical purposes, the case includes only two parties, as the Defendants consist of EPA and officials in their official capacity only, share the same counsel, and have submitted filings jointly thus far. The parties agree that there will be no discovery in this case. The parties have agreed upon a

2

process for working out the scope of the Administrative Record, such that there will be no factual disputes. This case will be limited to legal issues, with no need for either fact or expert witnesses. Furthermore, although the full Administrative Record is large, there is only a small subset of documents relevant to the legal issues in this case and therefore only a small number of documents that the Parties are expected to cite to in their motions for summary judgment. Finally on this point, the parties agree the case may be resolved on summary judgment, with no need for a trial. These factors militate against allowing an unnecessary generous timeframe between the filing of the Administrative Record and the filing of motions for summary judgment.

Regarding the motion, response, and reply dates within the summary judgment briefing schedule, Plaintiff proposes not deviating from in Virginia Local Rules 56(A) and 7(F)(1), and for parties to file cross-motions for summary judgment on the same date. Cross-motions are appropriate to keep from giving either Plaintiff or Defendants a strategic advantage and to keep from unnecessarily extending the resolution of this case.

In contrasting the parties' two proposed schedules, Plaintiff's proposed schedule cuts out any unnecessary delay and results in a quicker resolution of this case. Defendants' proposed schedule has a more relaxed pace. This is unsurprising, given Defendants' repeated requests for an abeyance, including within this joint motion. Defendants have already filed a motion for a 180-day abeyance, and the Court denied that motion. They now repeat the same arguments and improperly attempt to renew their motion herein. Plaintiff disagrees that this case will be mooted when EPA, at some point in the future, takes action on Virginia's yet-to-be submitted 2026 List, as this case fits comfortably within the capable-of-repetition-yet-evading-review exception and the *draft* 2026 List currently contains many of the same flaws as the 2024 List. *See, e.g.*, *Am. Canoe Ass'n, Inc. v. EPA*, 30 F. Supp. 2d 908, 917 (E.D. Va. 1998); *Sierra Club v. EPA*, 162 F.

Supp. 2d 406, 412 (D. Md. 2001). Regardless, Plaintiff requests that the Court decline to take up this renewed request for an abeyance. If and when Defendants file a second motion for an abeyance, Plaintiff will respond more fully to Defendants' arguments at that time. Plaintiff requests that the Court prevent Defendants from successfully using scheduling as a means to gain a strategic advantage in this case..

Consistent with the foregoing explanations, Plaintiff submits the following proposed schedule for the Court's consideration:

**If Plaintiff disputes the scope of the Administrative Record provided to Plaintiff or the Administrative Record index filed with the Court, the Parties will adhere to the following schedule:**

i. **Deadline for Cross-Motions for Summary Judgment and related briefing:** Any Motion for Summary Judgment by either party will be filed within **14 days** of the court's ruling on the Administrative Record motion. Response briefs will be filed within **14 days** of the related Motion for Summary Judgment, and reply briefs will be filed within **6 days** of the related response, consistent with the schedule provided in E.D. Va. Local Rule 7(F)(1).

**If no Administrative Record motion is filed, the Parties will adhere to the following schedule:**

i. **Deadline for Cross-Motions for Summary Judgment:** By **September 21, 2026**, the Parties will file any Motion for Summary Judgment. Response briefs will be filed within **14 days** of the related Motion for Summary Judgment, and reply briefs will be filed within **6 days** of the related response, consistent with the schedule provided in E.D. Va. Local Rule 7(F)(1). Parties will attach any cited Administrative Record documents to the briefs.

DEFENDANTS' POSITION AND PROPOSED SCHEDULE

In considering any schedule for this case, the Court should take into account that the interests of judicial economy support holding this case in abeyance for anticipated regulatory action. States submit lists of impaired waters to EPA biannually in even-numbered years, e.g., 2024 and 2026. 40 C.F.R. § 130.7(d)(1). When Plaintiff filed this lawsuit in late 2025, it was

4

already less than a year before Virginia's anticipated next submission. ECF 1 (filed Dec. 19, 2025); *see also* Mem. in Support of Defs. Mot. for 180-Day Abeyance, ECF 12; Notice of Sub. Agency Action, Attach. 2, ECF 33-2. There are now only a few months before Virginia makes that anticipated 2026 submission, and EPA's action on that submission will render any dispute over the 2024 submission moot. *See Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 731 F. Supp. 3d 19, 31 (D.D.C. 2024) (when one agency action supersedes another, the superseded agency action is moot). Moreover, Virginia's draft submission for 2026 will be materially different from the 2024 submission: the public notice draft considers more data and identifies additional waters as impaired. *See* Notice of Sub. Agency Action, Attach. 2, ECF 33-2. Thus, proceeding with this litigation in the last months before Virginia submits its 2026 list for EPA action would be wasteful. Plaintiff cannot prematurely challenge EPA's decision-making on the 2026 list, which Virginia has not yet finalized and submitted, and to the extent Plaintiff is challenging the 2024 submission, the Parties and the Court would expend their limited resources on disputes that may soon end without judicial action. Accordingly, Defendants again respectfully request that the case be held in abeyance.

If the Court does not grant an abeyance, Defendants alternatively propose a staggered briefing schedule to allow for a more coordinated presentation of the issues and to reduce the number of separate briefs submitted to the Court from six to four. Defendants further urge the Court to include adequate time for comprehensive briefing. This case involves a complex regulatory regime, which balances the interests of numerous stakeholders and requires highly technical, scientific judgment. Additional time will allow the Parties to prepare thoroughly considered and well-researched briefs that better assist the Court on these complex issues.

Defendants propose the following briefing schedule:

If Plaintiff files an Administrative Record Motion,

Plaintiff's Motion for Summary Judgment will be due **14 days** after the Court's ruling on the Scope of the Record.

Defendants' Opposition and Cross-Motion for Summary Judgment will be due **28 days** after Plaintiff's Motion for Summary Judgment.

Plaintiff's Opposition to Defendant's Cross-Motion and Reply in Support of Summary Judgment will be due **28 days** after Defendants' Opposition and Cross-Motion for Summary Judgment.

Defendants' Reply will be due **28 days** after Plaintiff's Opposition to Defendant's Cross-Motion for Summary Judgment.

If Plaintiff does not file a Motion Regarding the Scope of the Record,

Plaintiff's Motion for Summary Judgment will be due on **September 25, 2026.** Defendants' Opposition and Cross-Motion for Summary Judgment will be due on **October 29, 2026**.

Plaintiff's Opposition to Defendant's Cross-Motion and Reply in Support of Summary Judgment will be due on **November 30, 2026**.

Defendants' Reply will be due on **December 21, 2026**.

Dated: July 22, 2026                        Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division

*/s/*
SARAH WILLIAMS
DC Bar No. 1006622
Environmental Defense Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 598-9728
sarah.williams@usdoj.gov

6

TODD W. BLANCHE
ACTING ATTORNEY GENERLA

/s/
Jonanthan H. Hambrick
VSB No. 37590
Office of the United States Attorney
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Telephone: (804) 819-5400
Facsimile: (804) 771-2316
jay.h.hambrick@usdoj.gov

*Counsel for Defendants*

s/ *with permission*
Claire Marie Horan (VSB No. 95386)
APPALACHIAN MOUNTAIN ADVOCATES
P.O. Box 403
Charlottesville, Virginia 22902
choran@appalmad.org
(907) 687-8561

Isak Jordan Howell (VSB No. 75011)
APPALACHIAN MOUNTAIN ADVOCATES
P.O. Box 2186
Roanoke, Virginia 24009-2186
isak@howell-lawoffice.com
(540) 998-7744

*Counsel for Wild Virginia*

## CERTIFICATE REGARDING USE OF ARTIFICIAL INTELLIGENCE

I hereby certify that no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and that every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

7

/s/
SARAH WILLIAMS
Environmental Defense Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9728

# CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of July, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

/s/
SARAH WILLIAMS
Environmental Defense Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9728
sarah.williams@usdoj.gov