**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**AT RICHMOND**

| | | |
|---|---|---|
| Wild Virginia, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>United States Environmental Protection Agency, et al.,<br><br>Defendants. | ) | Case 3:25-cv-01043 |

**ANSWER**

Pursuant to Rules 8 and 15 of the Federal Rules of Civil Procedure, Defendants United States Environmental Protection Agency ("EPA"), Lee Zeldin in his Official Capacity as Administrator of the EPA, and Amy Van Blarcom-Lackey in her Official Capacity as Regional Administrator, EPA Region 3 (collectively "Defendants"), respond to the allegations in the numbered paragraphs[1] of Plaintiff's First Amended and Supplemental Complaint for Declaratory and Injunctive Relief (ECF # 37-1) as follows:

1. The allegations in Paragraph No. 1 contain Plaintiff's characterization of the Complaint and the relief sought, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph No. 1.

[1] The topic headings used herein are duplicated from Plaintiff's Amended and Supplemental Complaint and are inserted for ease of reference. Use of these topic headings herein does not constitute an admission or acknowledgment by Defendants of their relevance or accuracy. To the extent a response is deemed required to any such heading, Defendants deny the allegations in the headings and subheadings of the Complaint.

2. The allegations in Paragraph No. 2 contain Plaintiff's characterization of the Complaint and the relief sought, and no response is required. To the extent a response is deemed required, Defendants deny the factual allegations in Paragraph No. 2. The allegations in Paragraph No. 2 also purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 2 purport to characterize and/or are inconsistent with the document, Defendants deny the allegations. The allegations in Paragraph No. 2 also state a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

3. Defendants admit the allegations in the first sentence of Paragraph No. 3. The allegations in the second sentence of Paragraph No. 3 purport to quote and characterize a Federal Register notice that speaks for itself and is the best evidence of its contents. To the extent the allegations in the second sentence of Paragraph No. 3 purport to characterize and/or are inconsistent with the Federal Register notice, Defendants deny the allegations. Defendants admit that the second sentence of Paragraph No. 3 quotes portions of the Federal Register notice. The allegations in the third sentence of Paragraph No. 3 purport to quote and characterize a federal court decision that speaks for itself and is the best evidence of its contents. To the extent the allegations in the third sentence of Paragraph No. 3 purport to characterize and/or are inconsistent with the court decision, Defendants deny the allegations. To the extent the allegations in the third sentence of Paragraph No. 3 imply that the federal court decision is relevant to this litigation, they state a legal conclusion that requires no response. To the extent a response is deemed required, Defendants deny the allegations.

4. The allegations in the first and second sentences of Paragraph No. 4 purport to

quote and characterize a Federal Register notice that speaks for itself and is the best evidence of its contents. To the extent the allegations in the first and second sentences of Paragraph No. 4 purport to characterize and/or are inconsistent with the Federal Register notice, Defendants deny the allegations. Defendants admit that the parenthetical after the second sentence of Paragraph No. 4 quotes portions of the Federal Register notice. The allegations in the third sentence of Paragraph No. 4 purport to quote and characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in the third sentence of Paragraph No. 4 purport to characterize and/or are inconsistent with the document, Defendants deny the allegations. Defendants admit that the third sentence of Paragraph No. 4 quotes portions of the document. The fourth sentence of Paragraph No. 4 purports to characterize and quote a different document. To the extent the allegations in the fourth sentence of Paragraph No. 4 purport to characterize and/or are inconsistent with the referenced document, Defendants deny the allegations. Defendants admit that the fourth sentence of Paragraph No. 4 quotes portions of the document.

5. To the extent the first phrase in the first sentence of Paragraph No. 5 purports to characterize Virginia's 2024 Integrated Report, that document speaks for itself and is the best evidence of its contents. To the extent the allegations in the first phrase in the first sentence of Paragraph No. 5 purport to characterize and/or are inconsistent with the referenced document, Defendants deny the allegations. The remainder of the allegations in the first sentence of Paragraph No. 5 state a legal conclusion to which no response is required. To the extent a response is deemed required, EPA denies the allegations. The allegations in the first clause of the second sentence of Paragraph No. 5 state a legal conclusion to which no response is required. To the extent a response is deemed required,

Defendants deny the allegations that their actions prevented implementation of measures to implement water quality standards in the referenced waters. Defendants deny the allegations in the second clause in the second sentence of Paragraph No. 5.

## JURISDICTION AND VENUE

6. The allegations in Paragraph No. 6 state a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants admit the allegation that the Complaint pleads a question of federal law and deny any remaining allegations.

7. Paragraph No. 7 contains no text. No response is required.

8. The allegations in Paragraph No. 8 contain a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants admit that all or part of the events alleged in the Complaint occurred within this District.

## PARTIES

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph No. 9, and on that basis deny the allegations in Paragraph No. 9.

10. The allegations in Paragraph No. 10 state a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph No. 10.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph No. 11, and on that basis deny them. To the extent the allegations in Paragraph No. 11 assert that Defendants took an arbitrary or unlawful

action, those allegations state legal conclusions to which no response is required; to the extent a response is deemed required, Defendants deny the allegations.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph No. 12, and on that basis deny them.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph No. 13, and on that basis deny them.

14. The allegations in Paragraph No. 14 consist of Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants admit only that the EPA is an agency of the United States, has responsibility for administering certain federal statutes, and is named as a defendant in this action and deny the remaining allegations.

15. The allegations in Paragraph No. 15 consist of Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants admit only that Lee Zeldin is the Administrator of the EPA and is named as a defendant in this action in his official capacity and deny the remaining allegations.

16. The allegations in Paragraph No. 16 consist of Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants admit only that Amy Van Blarcom-Lackey is the Regional Administrator for EPA Region 3 and is named as a defendant in this action in her official capacity and that Virginia is within the geographic area of EPA Region 3. Defendants deny the remaining allegations.

## STATUTORY AND REGULATORY BACKGROUND

### Water Quality Standards

17. The allegations in Paragraph No. 17 purport to characterize and quote from a federal statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 17 are inconsistent with the statute, Defendants deny the allegations. Defendants admit that Paragraph No. 17 quotes portions of the cited provisions of the Clean Water Act.

18. The allegations in the first sentence of Paragraph No. 18 purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the first sentence of Paragraph No. 18 are inconsistent with that statute, Defendants deny the allegations. The allegations in the second sentence of Paragraph No. 18 purport to characterize and quote from a federal statute and to characterize a federal regulation. To the extent the allegations in the second sentence of Paragraph No. 18 are inconsistent with the statute or the regulation, Defendants deny the allegations. Defendants admit that Paragraph No. 18 quotes portions of the cited provisions of the Clean Water Act. Defendants deny the allegations in the third sentence of Paragraph No. 18.

19. The allegations in Paragraph No. 19 purport to characterize and quote from a federal regulation, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 19 are inconsistent with the regulation, Defendants deny the allegations. Defendants admit that Paragraph No. 19 quotes portions of the cited regulation.

20. The allegations in Paragraph No. 20 purport to characterize a federal regulation, which speaks for itself and is the best evidence of its contents. To the extent the allegations in

Paragraph No. 20 are inconsistent with the regulation, Defendants deny the allegations.

21. Defendants admit the allegations in the first sentence of Paragraph No. 21. The allegations in the second sentence of Paragraph No. 21 purport to characterize and quote from a Virginia regulation, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 21 are inconsistent with the Virginia regulation, Defendants deny the allegations. Defendants admit that Paragraph No. 21 quotes portions of the cited regulation.

22. Defendants admit the allegations in the first sentence of Paragraph No. 22. The remainder of the allegations in Paragraph No. 22 purport to characterize and quote from a Virginia regulation, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 22 are inconsistent with the regulation, Defendants deny the allegations. Defendants admit that Paragraph No. 22 quotes portions of the cited regulation.

23. The allegations in Paragraph No. 23 purport to characterize and quote from a Virginia regulation, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 23 are inconsistent with the regulation, Defendants deny the allegations. Defendants admit that Paragraph No. 23 quotes portions of the cited regulation.

**State Submission of Water Quality Reports to EPA**

24. The allegations in the first sentence of Paragraph No. 24 purport to characterize and quote a federal statute that speaks for itself and is the best evidence of its contents. To the extent the allegations in the first sentence of Paragraph No. 24 are inconsistent with the statute, Defendants deny the allegations. Defendants admit that the

first sentence of Paragraph No. 24 quotes portions of the cited provisions of the Clean Water Act. The allegations in the second sentence of Paragraph No. 24 purport to characterize a federal statute that speaks for itself and is the best evidence of its contents and state a legal conclusion to which no response is required. To the extent the allegations in the second sentence of Paragraph No. 24 are inconsistent with the cited statute, Defendants deny the allegations. The allegations in the third sentence of Paragraph No. 24 purport to characterize and quote a federal regulation that speaks for itself and is the best evidence of its contents. To the extent the allegations in the third sentence of Paragraph No. 24 are inconsistent with the regulation, Defendants deny the allegations. Defendants admit that third sentence of Paragraph No. 24 quotes portions of the cited regulation. The allegations in the fourth sentence of Paragraph No. 24 purport to characterize a federal regulation that speaks for itself and is the best evidence of its contents. To the extent the allegations in the fourth sentence of Paragraph No. 24 are inconsistent with the regulation, Defendants deny the allegations. Defendants admit the allegations in the fifth sentence of Paragraph No. 24.

25. The allegations in Paragraph No. 25 purport to characterize and quote a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 25 purport to characterize and/or are inconsistent with the document, Defendants deny the allegations. Defendants admit that Paragraph No. 25 quotes portions of the referenced document.

26. The allegations in Paragraph No. 26 purport to characterize and quote a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 26 purport to characterize and/or are inconsistent with the

document, Defendants deny the allegations. Defendants admit that Paragraph No. 26 quotes portions of the referenced document.

27. The allegations in the first sentence of Paragraph No. 27 purport to characterize and quote a federal regulation that speaks for itself and is the best evidence of its contents. To the extent the allegations in the first sentence of Paragraph No. 27 are inconsistent with the regulation, Defendants deny the allegations. The remaining allegations in the first sentence of Paragraph No. 27 state a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations. Defendants admit the allegations in the second sentence of Paragraph No. 27 to the extent they allege that total maximum loads are prepared for water quality limited segments. Defendants deny any remaining allegations in the second sentence of Paragraph No. 27. To the extent the allegations in the third and fourth sentences of Paragraph No. 27 purport to define “total maximum daily load” and “wasteload allocation,” Defendants deny those allegations to the extent they are inconsistent with the definitions of those terms set forth in 40 C.F.R. § 130.2. The remaining allegations in the third and fourth sentences of Paragraph No. 27 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants deny the allegations in the fifth sentence of Paragraph No. 27.

28. The allegations in the first sentence of Paragraph No. 28 purport to characterize a federal statute and federal regulation, which statute and regulation speak for themselves and are the best evidence of their contents. To the extent the allegations in the first sentence of Paragraph 28 are inconsistent with the cited federal statute or regulation, Defendants deny the allegations. The allegations in the second sentence of Paragraph

No. 28 purport to characterize a federal regulation that speaks for itself and is the best evidence of its contents. To the extent the allegations in the second sentence of Paragraph No. 28 are inconsistent with the regulation, Defendants deny the allegations. The allegations in the third sentence of Paragraph No. 28 purport to characterize a federal statute and federal regulation, which statute and regulation speak for themselves and are the best evidence of their contents. To the extent the allegations in the third sentence of Paragraph 28 are inconsistent with the cited federal statute or regulation, Defendants deny the allegations. The allegations in the fourth sentence of Paragraph No. 28 purport to characterize a federal regulation that speaks for itself and is the best evidence of its contents. To the extent the allegations in the fourth sentence of Paragraph No. 28 are inconsistent with the regulation, Defendants deny the allegations.

29. The allegations in the first sentence of Paragraph No. 29 purport to characterize and quote a federal statute that speaks for itself and is the best evidence of its contents. To the extent the allegations in the first sentence of Paragraph No. 29 are inconsistent with the statute, Defendants deny the allegations. Defendants admit that the allegations in the first sentence of Paragraph No. 29 quote a portion of the federal statute. As to the second sentence of Paragraph No. 29, Defendants admit only that Virginia submitted the report required by section 305(b) of the Clean Water Act together with its 2024 303(d) list in an Integrated Report. Defendants deny the remaining allegations in the second sentence of Paragraph No. 29.

30. The allegations in the first sentence of Paragraph No. 30 purport to quote and characterize a federal regulation that speaks for itself and is the best evidence of its contents. To the extent the allegations in the first sentence of Paragraph No. 30 are

inconsistent with the cited regulation, Defendants deny the allegations. Defendants admit that the allegations in the first sentence of Paragraph No. 30 quote portions of the cited regulation. The allegations in the second sentence of Paragraph No. 30 purport to characterize a federal regulation that speaks for itself and is the best evidence of its contents. To the extent the allegations in the second sentence of Paragraph No. 30 are inconsistent with the cited regulation, Defendants deny the allegations. The allegations in the third sentence of Paragraph No. 30 purport to quote and characterize a federal regulation that speaks for itself and is the best evidence of its contents. To the extent the allegations in the third sentence of Paragraph No. 30 are inconsistent with the cited regulation, Defendants deny the allegations. Defendants admit that the allegations in the third sentence of Paragraph No. 30 quote portions of the cited regulation. The allegations in the parenthetical following the third sentence of Paragraph No. 30 purport to quote and characterize a federal regulation that speaks for itself and is the best evidence of its contents. To the extent the allegations in the parenthetical following the third sentence of Paragraph No. 30 are inconsistent with the cited regulation, Defendants deny the allegations. Defendants admit that the allegations in the parenthetical following the third sentence of Paragraph No. 30 quote portions of the cited regulation. Defendants deny the allegations in the final sentence of Paragraph No. 30.

31. The allegations in Paragraph No. 31 purport to characterize a federal statute that speaks for itself and is the best evidence of its contents. To the extent that the allegations in Paragraph No. 31 are inconsistent with the statute, Defendants deny the allegations.

**Judicial Review of EPA Action and Inaction on State Submissions**

32. The allegations in Paragraph No. 32 purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 32 are inconsistent with the statute, Defendants deny the allegations.

33. The allegations in the first sentence of Paragraph No. 33 purport to characterize and quote from a federal statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the first sentence of Paragraph No. 33 are inconsistent with the statute, Defendants deny the allegations. Defendants admit that the allegations in the first sentence of Paragraph No. 33 quote portions of the statute. The allegations in the second sentence of Paragraph No. 33 purport to characterize a Supreme Court decision that speaks for itself and is the best evidence of its contents. To the extent the allegations in the second sentence of Paragraph No. 33 are inconsistent with the Supreme Court decision, Defendants deny the allegations.

**FACTS**

**Virginia's 2024 Integrated Report**

34. Defendants admit the allegations in the first sentence of Paragraph No. 34. Defendants admit the allegation in the second sentence of Paragraph No. 34 that Wild Virginia submitted comments regarding Virginia's draft 2024 Integrated Report to VADEQ and EPA on or about May 22, 2024. The remaining allegations in the second sentence and in the third and fourth sentences of Paragraph No. 34 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in the second, third and fourth sentences in Paragraph No. 34 purport to characterize and/or are inconsistent with that document, Defendants deny the allegations. The allegations in the fifth

sentence of Paragraph No. 34 purport to characterize Virginia's draft 2024 Integrated Report, which document speaks for itself and is the best evidence of its contents. To the extent the allegations in the fifth sentence of Paragraph No. 34 purport to characterize and/or are inconsistent with that document, Defendants deny the allegations.

35. The allegations in the first four sentences of Paragraph No. 35 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in the first four sentences of Paragraph No. 35 purport to characterize and/or are inconsistent with the referenced document, Defendants deny the allegations. The allegations in the fifth sentence of Paragraph No. 35 purport to characterize a different document that speaks for itself and is the best evidence of its contents. To the extent the allegations in the fifth sentence of Paragraph No. 35 purport to characterize and/or are inconsistent with the referenced document, Defendants deny the allegations.

36. The allegations in Paragraph No. 36 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 36 purport to characterize and/or are inconsistent with the referenced document, Defendants deny the allegations.

37. The allegations in Paragraph No. 37 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 37 purport to characterize and/or are inconsistent with the referenced document, Defendants deny the allegations.

38. The allegations in Paragraph No. 38 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 38 purport to characterize and/or are inconsistent with the referenced

document, Defendants deny the allegations.

39. The allegations in Paragraph No. 39 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 39 purport to characterize and/or are inconsistent with the referenced document, Defendants deny the allegations.

40. Defendants admit only that the Virginia Department of Health issued a fish consumption advisory for PFOS in portions of the Middle Chickahominy River watershed in May 2025. The remaining allegations in Paragraph No. 40 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the remaining allegations in Paragraph No. 40 purport to characterize and/or are inconsistent with the referenced document, Defendants deny the allegations.

41. The allegations in Paragraph No. 41 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 41 purport to characterize and/or are inconsistent with the referenced document, Defendants deny the allegations.

42. The allegations in Paragraph No. 42 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 42 purport to characterize and/or are inconsistent with the referenced document, Defendants deny the allegations.

43. Defendants admit the allegations in the first sentence of Paragraph No. 43. The remaining allegations in Paragraph No. 43 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the remaining allegations in the second sentence of Paragraph No. 43 purport to characterize and/or are

inconsistent with the document, Defendants deny the allegations. Defendants admit that the first and second sentences of Paragraph No. 43 quote portions of the referenced document.

44. The allegations in Paragraph No. 44 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 44 purport to characterize and/or are inconsistent with the referenced document, Defendants deny the allegations.

45. The allegations in Paragraph No. 45 purport to quote from and characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 45 purport to characterize and/or are inconsistent with the referenced document, Defendants deny the allegations. Defendants admit that the allegations in Paragraph No. 45 quote a portion of the referenced document.

46. The allegations in Paragraph No. 46 purport to characterize Virginia's Integrated Report, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 46 purport to characterize and/or are inconsistent with the referenced document, Defendants deny the allegations. Defendants admit that the allegations in Paragraph No. 46 quote from a portion of the document.

47. The allegations in Paragraph No. 47 purport to characterize Virginia's Integrated Report, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 47 purport to characterize and/or are inconsistent with the referenced document, Defendants deny the allegations. Defendants admit that the allegations in Paragraph No. 47 quote portions of the document.

48. The allegations in Paragraph No. 48 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in

Paragraph No. 48 purport to characterize and/or are inconsistent with the referenced document, Defendants deny the allegations.

49. The allegations in the first three sentences and the first clause of the fourth sentence of Paragraph No. 49 purport to characterize Virginia's Integrated Report, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the first three sentences and first clause of the fourth sentence of Paragraph No. 49 purport to characterize and/or are inconsistent with the referenced document, Defendants deny the allegations. Defendants admit that the allegations in the second and third sentences of Paragraph No. 49 quote portions of a portion of the document. Defendants deny the allegations in the second clause of the fourth sentence of Paragraph No. 49.

**EPA's Action (and Inaction) in Response to VDEQ's Submission**

50. To the extent the first sentence of Paragraph No. 50 alleges that the EPA did not approve or disapprove VDEQ's 2024 303(d) list within thirty days of March 28, 2025, Defendants admit the allegations. The remaining allegations in the first sentence of Paragraph No. 50 state a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations. The allegations in the second sentence of Paragraph 50 appear to refer to the email referenced in Paragraph No. 51, which email speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 50 purport to characterize and/or are inconsistent with that document, Defendants deny the allegations.

51. The allegations in Paragraph No. 51 purport to quote from and characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 51 purport to characterize and/or are inconsistent with the

referenced document, Defendants deny the allegations. Defendants admit that the allegations in Paragraph No. 51 quote portions of the referenced document.

52. Defendants admit only that VDEQ did not withdraw or resubmit any portion of its 2024 Integrated Report after its submission on March 28, 2025. The remaining allegations in Paragraph No. 52 purport to characterize the 2024 Integrated Report which speaks for itself and is the best evidence of its contents. To the extent the remaining allegations in Paragraph No. 52 purport to characterize and/or are inconsistent with that document, Defendants deny the allegations.

53. Defendants admit only that EPA sent a letter signed by Michelle Price-Fay, Director, EPA Region 3 Water Division, to Elizabeth Kercher, Director, VDEQ Planning Division, on July 28, 2025. The remaining allegations in Paragraph No. 53 purport to quote and characterize that letter, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 53 purport to characterize and/or are inconsistent with the letter, Defendants deny the allegations. Defendants admit that Paragraph No. 53 quotes portions of the letter.

54. The allegations in Paragraph No. 54 purport to quote and characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 54 purport to characterize and/or are inconsistent with the referenced document, Defendants deny the allegations. Defendants admit that the allegations in Paragraph No. 54 quote portions of the referenced document.

55. The allegations in Paragraph No. 55 purport to quote and characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 55 purport to characterize and/or are inconsistent with the

referenced document, Defendants deny the allegations. To the extent that a further response is deemed required, Defendants admit that the allegations in Paragraph No. 55 quote portions of the referenced document.

56. The allegations in Paragraph No. 56 purport to quote and characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 56 purport to characterize and/or are inconsistent with the referenced document, Defendants deny the allegations. Defendants admit that Paragraph No. 56 quotes portions of the referenced document. The allegations in the last sentence of Paragraph No. 56 also purport to characterize a different document that speaks for itself and is the best evidence of its contents. To the extent the allegations in the last sentence of Paragraph No. 56 purport to characterize and/or are inconsistent with the referenced document, Defendants deny the allegations. In addition, Defendants deny that EPA had made a "previous determination" as alleged in the last sentence of Paragraph No. 56.

57. The allegations in Paragraph No. 57 purport to quote and characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 57 purport to characterize and/or are inconsistent with the referenced document, Defendants deny the allegations. Defendants admit that the allegations in Paragraph No. 57 quote portions of the referenced document.

58. The allegations in the first sentence of Paragraph No. 58 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in the first sentence of Paragraph No. 58 purport to characterize and/or are inconsistent with the document, Defendants deny the allegations. The allegations in the second sentence of Paragraph No. 58 state legal conclusions to which no response is

required. To the extent a response is deemed required, Defendants deny the allegations.

59. The allegations in Paragraph No. 59 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in the first sentence of Paragraph No. 59 purport to characterize and/or are inconsistent with the document, Defendants deny the allegations.

60. The allegations in the first sentence of Paragraph No. 60 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in the first sentence of Paragraph No. 60 purport to characterize and/or are inconsistent with the document, Defendants deny the allegations. The allegations in the second sentence of Paragraph No. 60 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in the second sentence of Paragraph No. 60 purport to characterize and/or are inconsistent with the document, Defendants deny the allegations. Defendants admit the allegations in the third sentence of Paragraph No. 60.

61. The allegations in Paragraph No. 61 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 61 purport to characterize and/or are inconsistent with the document, Defendants deny the allegations.

62. The allegations in Paragraph No. 62 purport to characterize three documents that speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph No. 62 purport to characterize and/or are inconsistent with the documents, Defendants deny the allegations. Defendants admit that the allegations in Paragraph No. 62 quote a portion of one of the referenced documents.

63. The allegations in Paragraph No. 63 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 63 purport to characterize and/or are inconsistent with the document, Defendants deny the allegations.

64. The allegations in Paragraph No. 64 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 64 purport to characterize and/or are inconsistent with the document, Defendants deny the allegations.

65. The allegations in Paragraph No. 65 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 65 purport to characterize and/or are inconsistent with the document, Defendants deny the allegations.

66. The allegations in Paragraph No. 66 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 66 purport to characterize and/or are inconsistent with the document, Defendants deny the allegations. Defendants admit that the allegations in Paragraph No. 66 quote a portion of the referenced document.

67. The allegations in Paragraph No. 67 purport to characterize two documents that speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph No. 67 purport to characterize and/or are inconsistent with the documents, Defendants deny the allegations.

68. The allegations in Paragraph No. 68 purport to characterize two documents that speak for themselves and are the best evidence of their contents. To the extent the

allegations in Paragraph No. 68 purport to characterize and/or are inconsistent with the documents, Defendants deny the allegations.

## FIRST CLAIM FOR RELIEF

**(July 28, 2025 Agency Action That Is Arbitrary and Capricious or Not in Accordance With Law in Violation of the APA)**

69. In response to Paragraph No. 69, Defendants incorporate their responses to Paragraph Nos. 1-68 as if fully set forth herein.

70. The allegations in Paragraph No. 70 purport to characterize a federal statute and a federal regulation that speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph No. 70 are inconsistent with the statute or the regulation, Defendants deny the allegations.

71. The allegations in Paragraph No. 71 purport to characterize a federal regulation that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 71 are inconsistent with the statute or the regulation, Defendants deny the allegations.

72. The allegations in Paragraph No. 72 purport to characterize a federal statute that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 72 are inconsistent with the statute, Defendants deny the allegations.

73. The allegations in Paragraph No. 73 purport to characterize Virginia's 2024 Integrated Report, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 73 purport to characterize and/or are inconsistent with that document, Defendants deny the allegations.

74. The allegations in Paragraph No. 74 purport to characterize Virginia's 2024 Integrated Report and two other documents, which speak for themselves and are the best

evidence of their contents. To the extent the allegations in Paragraph No. 74 purport to characterize and/or are inconsistent with those documents, Defendants deny the allegations.

75. The allegations in Paragraph No. 75 purport to characterize Virginia's 2024 Integrated Report, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 75 purport to characterize and/or are inconsistent with that document, Defendants deny the allegations.

76. The allegations in Paragraph No. 76 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

77. The allegations in Paragraph No. 77 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 77 purport to characterize and/or are inconsistent with the document, Defendants deny the allegations. The allegations in Paragraph No. 77 also state legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

78. The allegations in Paragraph No. 78 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 78 purport to characterize and/or are inconsistent with the document, Defendants deny the allegations.

79. The allegations in Paragraph No. 79 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 79 purport to characterize and/or are inconsistent with the document, Defendants deny the allegations.

80. The allegations in Paragraph No. 80 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

**SECOND CLAIM FOR RELIEF**

**(June 8, 2026 Agency Action That Is Arbitrary and Capricious or Not in Accordance With Law in Violation of the APA)**

81. In response to Paragraph No. 81, Defendants incorporate their responses to Paragraph Nos. 1-80 as if fully set forth herein.

82. The allegations in Paragraph No. 82 purport to characterize a federal statute and a federal regulation that speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph No. 82 are inconsistent with the statute or the regulation, Defendants deny the allegations.

83. The allegations in Paragraph No. 83 purport to characterize a federal regulation that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 83 are inconsistent with the statute or the regulation, Defendants deny the allegations. Defendants admit that the allegations in Paragraph No. 83 quote portions of the referenced regulation.

84. The allegations in Paragraph No. 84 purport to characterize a federal statute that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 84 are inconsistent with the statute, Defendants deny the allegations.

85. The allegations in Paragraph No. 85 purport to characterize Virginia's 2024 Integrated Report, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 85 purport to characterize and/or are inconsistent with that document, Defendants deny the allegations.

86. The allegations in Paragraph No. 86 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 86 purport to characterize and/or are inconsistent with that document, Defendants deny the allegations. The remaining allegations in Paragraph No. 86 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. To the extent the remaining allegations in Paragraph No. 86 purport to describe or characterize Plaintiff's claims, no response is required. To the extent a response is required, Defendants deny the allegations.

87. The allegations in Paragraph No. 87 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. To the extent the remaining allegations in Paragraph No. 87 purport to describe or characterize Plaintiff's claims, no response is required. To the extent a response is required, Defendants deny the allegations.

88. The allegations in Paragraph No. 88 purport to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 88 purport to characterize and/or are inconsistent with that document, Defendants deny the allegations. The allegations in Paragraph No. 88 also state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

89. The allegations in Paragraph No. 89 purport to characterize two documents that speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph No. 89 purport to characterize and/or are inconsistent with the referenced documents, Defendants deny the allegations.

90. The allegations in Paragraph No. 90 purport to characterize two documents that speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph No. 90 purport to characterize and/or are inconsistent with the referenced documents, Defendants deny the allegations.

91. The allegations in Paragraph No. 91 purport to characterize two documents that speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph No. 91 purport to characterize and/or are inconsistent with the referenced documents, Defendants deny the allegations.

92. The allegations in Paragraph No. 92 purport to characterize Virginia's 2024 Integrated Report, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph No. 92 purport to characterize and/or are inconsistent with that document, Defendants deny the allegations.

93. The allegations in the first sentence of Paragraph No. 93 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph No. 93. The allegations in the second sentence of Paragraph No. 93 purport to characterize two documents, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph No. 93 purport to characterize and/or are inconsistent with those two documents, Defendants deny the allegations. Defendants admit that the second sentence of Paragraph No. 93 quotes a portion of one of the referenced documents. In addition, Defendants deny that EPA Region III's Water Division made a "prior determination" as alleged in Paragraph No. 93.

## RELIEF REQUESTED

The allegations in Paragraphs (1)-(6) consist of Plaintiff's request for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested in the Complaint, or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny any allegations in the Amended and Supplemental Complaint, whether expressed or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

Plaintiff's claims are barred in whole or in part, because Plaintiff failed to exhaust its administrative remedies before filing this action. Additionally, Defendants may have defenses, which are not known at this time, but which may become known as Plaintiff clarifies its claims in subsequent proceedings. Accordingly, Defendants reserve the right to assert each and every affirmative or other defense that may be available at a later date.

## PRAYER

WHEREFORE, Defendants request that the Court dismiss the Complaint with prejudice, render judgment for Defendants against Plaintiff, and grant Defendants such other and further relief that the nature of the case and justice requires.

Dated: August 21, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON

Principal Deputy Assistant Attorney General

Environment & Natural Resources Division

/s/
SARAH WILLIAMS
DC Bar No. 1006622
Environmental Defense Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 598-9728
sarah.williams@usdoj.gov

TODD W. BLANCHE
ACTING ATTORNEY GENERLA

/s/
Jonathan H. Hambrick
VSB No. 37590
Office of the United States Attorney
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Telephone: (804) 819-5400
Facsimile: (804) 771-2316
jay.h.hambrick@usdoj.gov

## CERTIFICATE REGARDING USE OF ARTIFICIAL INTELLIGENCE

I hereby certify that no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and that every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

*/s/ Sarah Williams*
SARAH WILLIAMS
Environmental Defense Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9728

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

*/s/ Sarah Williams*
SARAH WILLIAMS
Environmental Defense Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9728
sarah.williams@usdoj.gov